**Tony Campos MEJIA, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 15709.**

United States Court of Appeals
Ninth Circuit.

March 5, 1958.

Roy D. Miller, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., David B. Schefrin, Ronald S. Rosen, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before POPE, FEE, and HAMLEY, Circuit Judges.

PER CURIAM.

Tony Campos Mejia was convicted of the crime of unlawfully receiving, concealing, and transporting marijuana. On this appeal, he contends that it was error to grant the motion of the government to join his case for trial with that of another defendant. He further contends that it was error to deny his motion for a new trial made on the ground that the trial of the two cases together had prevented him from having a fair trial. Finally, appellant argues that the evidence is insufficient to support the verdict, and that his motion for judgment of acquittal made at the close of the trial should have been granted.

Appellant was charged in a single-count indictment with a violation of 21

U.S.C.A. § 176a, in that he had unlawfully received, concealed, and transported forty-seven pounds of bulk marijuana. At the time of his arraignment on this charge, the government moved that his case be joined for trial with that of one Peter Young. Young had previously been indicted on two counts of unlawfully receiving, concealing, and transporting marijuana, and two counts of selling marijuana.

In moving for such joinder, the government pointed out that count four of the indictment against Young pertained to the same transaction involving forty-seven pounds of bulk marijuana, which was the basis of the single-count indictment against appellant. The government represented that the same evidence would be offered to prove both the single charge against appellant and count four against Young. It was not contended that appellant had any connection with the narcotics-law violations charged against Young in the first three counts of his indictment.

Resisting this motion, appellant disclaimed any connection with the offense with which he was charged, his defense being alibi. He represented that he had no knowledge of Young or any of the incidents involved in the Young indictment.

It is conceded that the joinder of these two cases for trial is permissible under the literal language of Rules 13 and 8(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. It is asserted, however, that at the time the motion for joinder was argued, it was apparent that appellant would be prejudiced by such joinder. Appellant urges that it was therefore an abuse of discretion to grant the motion.

The granting of the motion for joinder represents a determination by the trial court that it was not then apparent that appellant would be prejudiced by such joinder. It is contended that this determination is erroneous because of the fact that there was a ratio of four to one between the number of counts in the two indictments.

We do not agree. Substantial disparity in the number of counts in the indictments against two individuals who are required to stand trial together may or may not be prejudicial, according to the circumstances of the case.

■ Looking at the record as it was at the time the motion for joinder was granted, we find no circumstances pointing to the probability that appellant would be prejudiced. The court then knew that the government would make no attempt to associate appellant with the first three counts of the Young indictment. It was also aware of the protection which could be afforded appellant, by way of instructions to the jury, to minimize the danger of the jury's possible antipathy towards Young being visited upon appellant.

We therefore hold that the court did not abuse its discretion in granting the motion to join these cases for trial.

During the trial, extensive testimony was received concerning all four counts of the Young indictment, only the last of which involved appellant. Young admitted almost every element of each of the four offenses charged against him, relying upon the defense of entrapment. Because of these and other circumstances, appellant argues that the jury was probably confused as to the evidence pertaining only to him. It is also argued that, for the same reasons, the jury probably developed a prejudice against appellant which would not have existed had appellant been tried separately.

■ These, again, were considerations addressed to the sound discretion of the trial court when it passed upon the motion for a new trial. Since the offenses charged against Young and appellant were relatively simple in nature, and clearly separable for purposes of proof, the court apparently concluded that the jury had not been confused. The fact that the proof against Young, including his own admissions, was relatively strong, would not necessarily redound to the disadvantage of appellant.

The court apparently concluded that it did not. There is nothing in the record before us which would warrant us in reaching a contrary conclusion.

The court also gave protective instructions designed to insure against any possible confusion or prejudice.

We hold that the trial court did not abuse its discretion in denying the motion for a new trial.

The evidence was sufficient to support the verdict of the jury.

Affirmed.