**Peter YOUNG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15754.**

United States Court of Appeals
Ninth Circuit.

Dec. 28, 1960.

Dario DeBenedictis, David Van Hoesen, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert John Jensen, George W. Kell, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLIN and JERTBERG, Circuit Judges.

HAMLIN, Circuit Judge.

Peter Young, appellant herein, was convicted by a jury in the District Court of the United States for the Southern District of California, Central Division, on four counts in an indictment charging violations of 21 U.S.C.A. § 176a.[1] His case was heard and tried with United

---

1. "Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law * * * or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law * * * shall be imprisoned not less than five or more than twenty years * * *.

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

States v. Mejia.[2] In counts 1 and 3 of the indictment, appellant was charged with unlawful sales of marijuana on February 1 and February 2, 1957; and in counts 2 and 4 he was charged with unlawful concealment and transportation of marijuana on February 4 and February 20, 1957.

The district judge sentenced him to a term of imprisonment aggregating fifty years. From the judgment of imprisonment appellant filed this appeal. Jurisdiction of this court is founded upon 28 U.S.C.A. § 1291.

In his testimony appellant admitted that he did the specific acts charged against him in the indictment. His defense was based upon alleged unlawful entrapment.

The specification of errors relied upon by appellant are (1) that the district court erred in not granting his motion for a judgment of acquittal in that the evidence of the government witnesses proved as a matter of law that appellant was unlawfully entrapped, and (2) that the court erred in certain instructions given to the jury.

The defense of unlawful entrapment was discussed by the Supreme Court of the United States in Sorrells v. United States, 1932, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413. The Court there said:

"It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution. Artifice and stratagem may be employed to catch those engaged in criminal enterprises. [Citing cases] The appropriate object of this permitted activity, frequently essential to the enforcement of the law, is to reveal the criminal design; to expose the illicit traffic * * * and thus to disclose the would-be violators of the law. A different question is presented when the criminal design originates with the officials of the Government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order that they may prosecute." [3]

"When the criminal design originates, not with the accused, but is conceived in the mind of the government officers, and the accused is by persuasion, deceitful representation, or inducement lured into the commission of a criminal act, the government is estopped by sound public policy from prosecution therefor." [4]

In Sorrells the Supreme Court reversed the conviction, holding that the district court was in error in "holding that as a matter of law there was no entrapment and in refusing to submit the issue to the jury." [5]

■ In this case, Young does not contend that the court failed to submit the issue of entrapment to the jury; but he claims that as a matter of law the evidence shows that he was entrapped and that the district judge should have granted his motion for a judgment of acquittal.

Appellant testified that over a period of two and a half months he was unwilling to engage in narcotic traffic and that he at all times expressed an unwillingness to have anything to do with drugs. He testified that threats were made against him by the officers and that he was subjected to pressure over an extended period of time in order that he be forced to procure narcotics. As opposed to defendant's testimony, however, the government produced some seven witnesses who testified to the activities and statements of the appellant concerning his willingness to engage in the narcotic traffic. The testimony of the appellant was contra-

2. Mejia's conviction was affirmed in Mejia v. United States, 9 Cir., 1958, 253 F.2d 560.

3. 287 U.S. at page 441, 53 S.Ct. at page 212.

4. 287 U.S. at page 445, 53 S.Ct. at page 214.

5. 287 U.S. at page 452, 53 S.Ct. at page 216.

dicted by these witnesses in many particulars. The government witnesses denied that any threats were made to the appellant at any time; they denied that any pressure had been put upon appellant to force him to engage in the narcotic traffic; and their testimony indicated that appellant had been willing to supply narcotics to the officers as and when he was able to contact a source of supply. It would only serve to unduly lengthen this opinion to set out in detail the instances where the officers flatly contradicted the claims of appellant. This created an issue to be submitted to the jury, and the issue was actually submitted to the jury by the instructions of the district judge.

This case differs from Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, where the Court held that entrapment was shown as a matter of law. In that case the entrapment was established in the undisputed testimony of the prosecution's witnesses. The Court said:

> "We conclude from the evidence that entrapment was established as a matter of law. In so holding, we are not choosing between conflicting witnesses, nor judging credibility." [6]

In this case Young's claim of entrapment was contradicted by the prosecution's witnesses.

Appellant contends that a number of important facts should lead the court to hold that entrapment was shown as a matter of law. (1) There was no evidence that the defendant had ever been a user of narcotics. (2) There was no evidence that he had any criminal record. (3) There was no evidence as to whether or not he made any profit from any of the sales for which he was convicted.

Although there is language in Sherman v. United States, supra, and Morales v. United States, 1958, 260 F.2d 939, which would indicate that such evidence or lack of it is important in considering whether there is entrapment, we do not feel that we can say that such a record establishes entrapment as a matter of law. Most of this evidence is negative evidence. It can be argued that it might tend to show that there was entrapment. If, however, this court should hold that it is necessary for the government to show some or all of these facts (prior addiction, criminal record, sales profit) in order to escape the defense of entrapment, it would in effect give the narcotic peddler "one free shot" before he could be convicted for his crimes.

Appellant lays his main stress on the fact that he was coerced, but it has been pointed out that there is conflicting evidence on this issue. The agents deny all coercion. It was for the jury to resolve the conflict, and it did so by believing the federal agents. We hold that it was proper to submit the issue of entrapment to the jury.

 Appellant does not seriously contend that the district judge's instructions to the jury upon entrapment were in error. As an indication of this, the record shows the following colloquy between court and counsel prior to the instructions:

> "The Court: The defendant Young has not requested an instruction on entrapment, but I assume that that is his defense.
>
> "Mr. McMorris: May I state, Your Honor, we have prepared two such instructions but the one the court suggested is so excellent we feel it covers the proposition so I will not file the one I have prepared."

In addition to appellant's claim that the district court should have granted a judgment of acquittal upon the issue of entrapment, appellant contends that the district court erred in the giving of two instructions.

It will be remembered that appellant Young was tried jointly with one Mejia. While instructing the jury upon the meaning of *possession* under the statute, the court said:

> "If you find that defendant Mejia did not at any time have actual or

---

6. 356 U.S. at page 373, 78 S.Ct. at page 821.

constructive possession of marijuana, as charged, then you should return a verdict of not guilty as to the defendant Mejia.

"Of course that would apply also to the defendant Young, but as I recall the testimony defendant Young admitted he had possession of the marijuana in each instance—actual physical possession at one time or another."

Appellant contends that by such an instruction the court was in effect saying that Young was guilty. However, it would appear that the court was entirely correct in that Young did admit that he had possession of the marijuana. Later in the instructions the court fully and completely instructed the jury as to the defense of entrapment.

While giving proper instructions on the question of entrapment, the court said:

"That is a matter for you to decide based, I suggest, upon credibility. If you believe the defendant Young and don't believe any of these officers, then you should acquit the defendant Young."

Appellant contends that this instruction was confusing, erroneous and prejudicial. We do not agree. We see no error in either of the instructions complained of by appellant. It might be further pointed out that appellant at the conclusion of the court's instructions made no objection to any of them as he was required to do by Fed.Rules Cr.Proc. rule 30, 18 U.S.C.A.

■ Appellant also complains of the severity of the sentence imposed upon him by the district court. He was sentenced to ten years' imprisonment on count 1 and ten years on count 2, the sentences to run concurrently. He was sentenced to twenty years' imprisonment on count 3 and twenty years' imprisonment on count 4, the two twenty-year sentences "shall commence and run consecutively and shall run consecutively to the concurrent ten-year sentences on Counts 1 and 2, so that the total period of imprisonment shall be fifty years."

Such a sentence is legally within the limits of 21 U.S.C.A. § 176a, and therefore we can not disturb it. We cannot deny, however, that it provides persuasive arguments for those who would have Congress change the present law and enact an indeterminate sentence law with the end in view that such a law would tend toward equalization of sentences in various parts of the country.

Judgment affirmed.