**Mario Lopez COVARRUBIAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17215.**

United States Court of Appeals Ninth Circuit.

May 1, 1961.

Dirks B. Foster, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Robert A. Eisenstein and Edward M. Medvene, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM.

Appellant was indicted in three counts of a five-count indictment for violating Title 21 U.S.C.A. § 174. Count one charged appellant and codefendant Juan Jose Medrano with knowingly and unlawfully selling and facilitating the sale of a quantity of heroin; count two charged them with knowingly and unlawfully receiving, concealing and facilitating the concealment and transportation of the same; and count five charged them with conspiracy to violate the narcotics laws of the United States with reference to the transactions set forth in counts one and two.

The case was tried to a jury which returned verdicts finding the appellant guilty on all three counts. Appellant was sentenced to imprisonment for 20 years on each count, the sentences to run concurrently.

On this appeal appellant urges two grounds, (1) there was no evidence of possession of narcotics in appellant, and (2) the evidence establishes entrapment of appellant as a matter of law.

Appellant's codefendant, Juan Jose Medrano, was convicted by the same jury of all five counts. His conviction was affirmed on appeal to this Court, Medrano v. U. S., 1960, 285 F.2d 23. The facts leading up to the indictment and conviction of appellant and his codefendant Medrano, including appellant's participation thereon, are set forth in detail in Medrano v. United States, supra, and will not be repeated here, except that after the heroin involved had been purchased and acquired by the special employee, Edward Ferris, appellant while riding in the automobile with Ferris from the place where the heroin had been secreted asked him for a "fix", and appellant bent over to "sniff" some of the heroin.

In disposing of the contention by Medrano in his appeal that there was no evidence of possession of narcotics in Medrano, this Court in Medrano v. United States, supra, stated that such contention had been laid to rest in Cellino v. United States, 9 Cir., 1960, 276 F.2d 941. If not laid to rest in the Cellino case, appellant's contention was completely disposed of by this Court in Rodella v. United States, 9 Cir., 1960, 286 F.2d 306, certiorari denied 81 S.Ct. 1042.

In respect to appellant's contention of entrapment, we call attention to the fact that the defense of entrapment was not raised at the trial, which fact appellant concedes. Nevertheless, we have examined the record and we find no entrapment as a matter of fact or law. See Cellino v. United States, supra; Medrano v. United States, supra; and Young v. United States, 9 Cir., 1960, 286 F.2d 13.

The judgment appealed from is affirmed.