James W. HUNT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14237.

United States Court of Appeals District of Columbia Circuit.

Argued April 8, 1958.

Decided July 2, 1958.

Petition for Rehearing In Banc Denied Sept. 5, 1958.

---

Mr. Albert J. Ahern, Jr., Washington, D. C., with whom Mr. James J. Laughlin, Washington, D. C., was on the brief, for appellant.

Mr. Louis M. Kaplan, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Frederick G. Smithson, Asst. U. S. Attys., were on the brief, for appellee.

Mr. John W. Warner, Jr., Asst. U. S. Atty., also entered an appearance for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

## PER CURIAM.

■ Appellant was convicted of narcotics violations. In his testimony he admitted selling narcotics to a police undercover agent on six separate occasions over a period of several weeks. His defense is that he was entrapped into these acts by the police agent. The testimony was conflicting; appellant's evidence arguably made out entrapment as a matter of law [1] and the Government's evidence negated entrapment as a matter of law.[2] The instructions were free of prejudicial error,[3] and thus the jury's verdict indicating belief of the Government's version of the transactions is conclusive.

■ Appellant contends the Government must affirmatively show that the police had a rational basis for sending the agent to appellant in the first instance.[4] However, the evidence shows the police did have sufficient grounds on which to believe that appellant was engaged in selling narcotics.[5]

Affirmed.

1. Appellant's evidence (solely his own testimony) was to the effect (1) that the police agent, a stranger to appellant, phoned appellant and arranged for a meeting; (2) that at this meeting the agent urged appellant to enter the narcotics business, promising large profits; (3) that appellant resisted at first, but finally agreed; (4) that appellant bought a large quantity of heroin from a source suggested by the agent, on the understanding that the agent would take all of it off appellant's hands; and (5) that instead of buying these narcotics at once the agent took them bit by bit in six installments.

2. The Government's evidence (consisting of the police agent's testimony, corroborated by others) tended to show (1) that the police agent was led to suspect appellant when co-defendant Lyles, a known narcotics user, identified appellant a Lyles' source of supply; (2) that for $25 Lyles arranged for a meeting between the police agent and appellant; (3) that this meeting was the police agent's first contact with appellant; (4) that appellant at this meeting made the first overtures contemplating a sale of narcotics; (5) that the police agent offered no persuasions to induce the sale, other than to agree to pay the price asked by appellant; (6) that appellant had in his possession at least 50 capsules of heroin which he sold to the police agent during this first meeting; and (7) that during several weeks after the first meeting and sale, appellant met the agent on five separate occasions, each one involving additional sales of narcotics. The total sales by appellant to the agent amounted to 764 capsules plus 425 grains of heroin.

3. The instructions were consistent with Cratty v. United States, 1947, 82 U.S. App.D.C. 236, 163 F.2d 844; Sorrells v. United States, 1932, 287 U.S. 435, 53 S. Ct. 210, 77 L.Ed. 413; Sherman v. United States, 1958, 356 U.S. 369, 78 S. Ct. 819, 2 L.Ed.2d 848; Masciale v. United States, 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859.

4. Compare Morei v. United States, 6 Cir., 1942, 127 F.2d 827, 833 with Silva v. United States, 9 Cir., 1954, 212 F.2d 422. See Note, Entrapment by Government Officials, 28 Colum.L.Rev. 1067, 1070 (1928).

5. See clause numbered (1) in note 2 supra.