**James H. CHILDS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14433.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 27, 1958.

Decided Dec. 18, 1958.

Certiorari Denied March 23, 1959.

See 79 S.Ct. 730.

Mr. J. C. Peacock, Washington, D. C. (appointed by the District Court) for appellant.

Mr. Joseph M. Hannon, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before JACKSON, Senior Judge of the United States Court of Customs and Patent Appeals, sitting by designation, and BAZELON (presiding) and BASTIAN, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction for violation of the narcotics laws, 35 Stat. 614 (1909), as amended, 21 U.S.C.A. § 174 and Int.Rev.Code of 1954, §§ 4704(a) and 4705(a), 26 U.S.C.A. §§ 4704(a), 4705(a). The evidence showed that the sales of narcotics involved here were made to, and at the request of, a Government informer. Defendant's sole ground of appeal is that the trial judge erred in denying his motion for a directed verdict on the ground of entrapment.

Defendant asserts that, under applicable case law, before police authorities may invite one to engage in any particular criminal behavior, they must have probable cause to believe that he is engaging in such conduct. In this case, he says, the Government failed to show that it had such cause.

As we read prevailing doctrine, however, probable cause is not required; reasonable suspicion is enough. Grimm v. United States, 1895, 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550, cited with approval in Sorrells v. United States, 1932, 287 U.S. 435, 441–442, 53 S.Ct. 210, 77 L.Ed. 413, and in Sherman v. United States, 1958, 356 U.S. 369, 378, 382, 78 S.Ct. 819, 2 L.Ed.2d 848 (concurring opinion).

See Masciale v. United States, 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859; Hunt v. United States, 1958, 103 U.S. App.D.C. 309, 258 F.2d 161; United States v. Abdallah, 2 Cir., 1945, 149 F.2d 219, 222, note 1.

Affirmed.