## UNITED STATES of America

### v.

### Cornelius M. BOONE, Appellant.

### No. 76–1103.

United States Court of Appeals, District of Columbia Circuit.

Argued May 20, 1976.

Decided Sept. 17, 1976.

Fred Warren Bennett, Washington, D. C. (appointed by this court), for appellant.

Robert M. McNamara, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and James M. Hanny, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before LEVENTHAL and MacKINNON, Circuit Judges, and KAUFMAN,* United States District Judge for the District of Maryland.

PER CURIAM:

The controlling issue in this conviction of Boone for *aiding* an unlawful sale of heroin in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2, is whether the court erred in refusing his request for an entrapment instruction.

According to the Government's evidence, Boone was a willing participant in two narcotics transactions, was clearly predisposed to commit the two resulting offenses and was solicited but not induced to commit the charged offense.

Boone took the stand and contradicted practically all the incriminating features of the Government's evidence including that of predisposition. According to his testimony he was improperly induced by the Government agent to introduce him to the man who actually sold the narcotics (Singleton) and thereafter he was induced by the same Government agent to accompany the Government agent while the narcotics

* Sitting by designation pursuant to 28 U.S.C. § 292(d).

transactions were completed. According to Boone's testimony he agreed to the agent's inducement in order to protect the agent from being robbed or beaten (Tr. 212–13) because he knew that the man who was selling the heroin (Singleton) was a "junkie" and was capable of doing anything at any time (Tr. 237). Boone testified as follows:

> The [Government] agent told Mr. Singleton, he said, "Timothy," he said, "I would prefer if Mr. Boone was involved here, because I trust Mr. Boone and I don't trust you." So Lucky said, "Mr. Boone is not going to get these drugs for you, I'm going to get them for you, and I don't want him knowing what I'm doing."
>
> So, the agent in turn said that, "Well, if Mr. Boone doesn't play a part in this in some way or another, there will not be a transaction." So Lucky said he didn't care, and walked out the door.
>
> About 15 minutes elapsed in that time. The agent was talking to me, and he said, "Mr. Boone," he said, "If you would see that nothing happened to me," he said, "*I would make it worth your while.*"

(Tr. 167–68, emphasis added.) Following this inducement Boone went across the hall and told Singleton (a narcotics pusher) that the agent wanted to see him. According to Boone, the agent insisted that he accompany him in order to protect him. Boone testified that at no time did he touch, transfer, or receive any drugs or money, nor profit from the narcotics transactions (Tr. 195–96). On cross-examination the Government's principal witness partially corroborated Boone by admitting that during the first purchase Boone never actually handled either the money or the narcotics (Tr. 69).

At the close of the trial Boone requested an instruction on entrapment which the court refused, finding that there had not been "a showing of entrapment in this case" (Tr. 321).

The Government defends the refusal of the court to grant the requested instruction claiming that there was no "excessive behavior" or "inducement" to commit the crime, but "only solicitation—the providing of opportunity." Government Brief at 21, citing *United States v. DeVore*, 423 F.2d 1069 (4th Cir. 1970), *cert. denied*, 402 U.S. 950, 91 S.Ct. 1604, 29 L.Ed.2d 119 (1971). The leading cases on entrapment are cited: *Sorrells v. United States*, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); *Sherman v. United States*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). Boone's claim of "inducement" is reduced to "solicitation," according to the Government by the claim that the pressure exerted on him by the agent was so light that only a predisposed person would have submitted.

> A claim of inducement is usually founded upon evidence that the defendant was threatened, harassed, pressured, or inveigled by promises or urgent pleas based on need, sympathy, or friendship. *See, e. g., Fletcher v. United States*, 111 U.S.App.D.C. 192, 295 F.2d 179 (1961), *cert. denied*, 368 U.S. 993, 82 S.Ct. 613, 7 L.Ed.2d 530 (1962). No such evidence was presented in this case.

Government Brief, p. 26.

█ We agree with all the law the Government cites but disagree as to its application to this case. Had the jury credited Boone's testimony, which contradicted that of the Government on all the material elements involving criminality, it would have found that he was not an actual principal who sold narcotics. The agent did corroborate that version with respect to the first transaction (Tr. 69).

While the aiding and abetting statute, 18 U.S.C. § 2, was not referred to in the indictment, as it need not be, it was included in the court's instructions. The court charged the jury that they need not find that Boone "personally committed" the offense because one who "aids or abets the principal offender . . . is punishable as a principal . . . as if he had personally committed each of the acts constituting the offense" (Tr. 331). The court's instruction thus per-

mitted the jury to find Boone guilty on an aiding and abetting theory. The acts which according to Boone's testimony constituted the aiding and abetting, if that was the basis of the jury verdict, consisted of Boone introducing the agent to Singleton and accompanying the agent to protect him, all at the request and insistence of the agent and the representation that he would make it worth Boone's while.

Nevertheless, the court concluded that the evidence of entrapment was not sufficient to present that issue to the jury. We disagree. While we agree with the Government, and with all the cases cited, that the inducement here might not be sufficient to go to the jury if there was uncontradicted evidence that Boone made both of the narcotics sales, the testimony here does not fit that mold. Even according to the agent's testimony he paid Singleton for the narcotics in the first transaction (Tr. 19) and in the second purchase he put the money on the car seat next to him and Boone merely picked up the money and handed it to Singleton (Tr. 33, 81–82). True, there was no evidence of urgent pleas, threats or substantial pressure upon Boone, but the evidence here which might convict him, according to Boone's testimony, was that Boone had engaged in acts that were substantially less, criminally speaking, than actually selling and delivering narcotics. And, as these aiding and abetting acts were somewhat less heinous than the criminal acts of a principal in a typical narcotic transaction, we believe that the evidence of inducement necessary to support an entrapment instruction should be less. Specifically we find that the testimony of the agent's offer: "I would make it worth your while" (Tr. 168) was a sufficient promise of reward, when taken with Boone's other testimony contradicting the Government's case, to require an entrapment instruction. This inducement is clear, but mild, but all the agent was asking Boone to do, according to Boone's testimony, was to go across the hall to another room and tell Singleton that the agent wanted to see him. And according to Boone, at the agent's insistence, he merely accompanied the agent in order to protect him against a "junkie" on the two trips when the agent purchased narcotics.

The Government argues that since the jury returned a guilty verdict they obviously did not believe Boone's testimony and hence an entrapment instruction would not have changed the result. However, if the jury had been instructed that they were not to return a guilty verdict if they found that the agent had induced Boone to participate as he did, they might have viewed the agent's activities in a different light and reached a different result. As the evidence and instructions stood, the jury might well have convicted Boone on his own testimony that he had—by affirmatively standing by for the purpose of permitting the "sale" to go forward—aided the offense related to sale. There was no indication or instruction that a not guilty verdict was appropriate if the agent induced defendant, without prior disposition, to aid the completion of the sale.

▮ In passing on the necessity for an entrapment instruction the court should have considered the evidence in the light most favorable to the defendant. As the Second Circuit held in *United States v. Anglada*, 524 F.2d 296, 298 (2d Cir. 1975):

> [I]n deciding whether a jury question is raised, the trial judge must consider the evidence in the light most favorable to the defendant.

\*     \*     \*     \*     \*     \*

> [W]e can well understand the reluctance of a trial judge to charge on entrapment "when he believes the defense is concocted" and the defendant is guilty, but "there is no escape from this when contested factual issues are presented."

*Id.* at 299–300.

> Even if government inducement has been shown, however, submission to the jury is not required if uncontradicted proof has established that the accused was "ready and willing without persuasion" and to have been "awaiting any propitious opportunity to commit the offense."   .   .

On the other hand, the production of any evidence negating propensity, whether in cross-examination or otherwise, requires submission to the jury, however unreasonable the judge would consider a verdict in favor of the defendant to be.

*United States v. Anglada, supra* at 298 (citing *United States v. Riley,* 363 F.2d at 959).

Thus, for failure to submit an entrapment instruction, we vacate the judgment of conviction and remand the case for a new trial.

*Judgment accordingly.*