## MASCIALE v. UNITED STATES.

No. 84.   Argued January 16, 1958.—Decided May 19, 1958.

*Merrell E. Clark, Jr.* argued the cause and filed a brief for petitioner.

*James W. Knapp* argued the cause for the United States.   On the brief were *Solicitor General Rankin, Warren Olney, III,* then Assistant Attorney General, *Beatrice Rosenberg* and *Robert G. Maysack.*

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

This case presents the same issue as *Sherman* v. *United States, ante,* p. 369, decided this day: Should petitioner's conviction be set aside on the ground that as a matter of law the defense of entrapment was established?   Cf. *Sorrells* v. *United States,* 287 U. S. 435.   Petitioner was convicted on three counts, two of which charged him with the illegal sale of narcotics and one with conspiracy to make a sale.[1]   The issue of entrapment went to the jury,[2]

---

[1] See 26 U. S. C. §§ 2553 (a), 2554 (a); 21 U. S. C. § 174, and 18 U. S. C. § 2.

[2] The charge to the jury was not in issue here.

and conviction followed. The Court of Appeals for the Second Circuit affirmed. 236 F. 2d 601. We granted ʻcertiorari. 352 U. S. 1000.

The evidence discloses the following events. On January 14, 1954, petitioner was introduced to government agent Marshall by a government informer, Kowel. Although petitioner had known Kowel for approximately four years, he was unaware of Kowel's undercover activities. Marshall was introduced as a big narcotics buyer. Both Marshall and petitioner testified concerning the ensuing conversation. Marshall testified that he immediately made it clear that he wanted to talk about buying large quantities of high-grade narcotics and that if petitioner were not interested, the conversation would end at once. Instead of leaving, petitioner questioned Marshall on his knowledge of the narcotics traffic and then boasted that while he was primarily a gambler, "he knew someone whom he considered high up in the narcotics traffic to whom he would introduce me [Marshall] and that I was able to get—and I can quote this—'88 per cent pure heroin' from this source." Marshall also stated that petitioner gave him a telephone number where he could be reached. In his testimony petitioner admitted that he was a gambler and had told Marshall that through his gambling contacts he knew about the narcotics traffic. He denied that he had then known any available source of narcotics or that he said he could obtain narcotics for Marshall at that time. Petitioner explained that he met Marshall only to help Kowel impress Marshall. Petitioner also said that it was Marshall who gave him the telephone number. It is noteworthy that nowhere in his testimony did petitioner state that during the conversation either Marshall or Kowel tried to persuade him to enter the narcotics traffic. In the six weeks following the conversation just related Marshall and petitioner met or spoke with each other at least ten times; petitioner kept

telling Marshall that he was trying to make his contact but was having trouble doing so. Finally, on March 1, 1954, petitioner introduced Marshall to Seifert, who sold some heroin to Marshall on the next day. Petitioner even loaned his sister's car to Seifert in order to get the narcotics. It was this sale for which petitioner was convicted.

In this case entrapment could have occurred in only one of two ways. Either Marshall induced petitioner, or Kowel did. As for Marshall, petitioner has conceded here that the jury could have found that when petitioner met Marshall he was ready and willing to search out a source of narcotics and to bring about a sale.[3] As for Kowel, petitioner testified that the informer engaged in a campaign to persuade him to sell narcotics by using the lure of easy income. Petitioner argues that this undisputed testimony [4] explained why he was willing to deal with Marshall and so established entrapment as a matter of law. However, his testimony alone could not have this effect. While petitioner presented enough evidence for the jury to consider, they were entitled to disbelieve him in regard to Kowel and so find for the Government on the issue of guilt. Therefore, the trial court properly submitted the case to the jury.[5]

The judgment of the Court of Appeals is

*Affirmed.*

---

[3] Well might petitioner concede this, for despite petitioner's version of the meeting and his explanation for being there, the jury could have believed Marshall and have inferred from his narration that petitioner needed no persuasion to seek a narcotics buyer.

[4] We conclude from the argument that neither party even attempted to subpoena Kowel.

[5] For the reasons stated in *Sherman* v. *United States, ante,* p. 369, we decline to consider the contention that this case should be reversed and remanded to the District Court for a determination of the issue

MR. JUSTICE FRANKFURTER, whom MR. JUSTICE DOUGLAS, MR. JUSTICE HARLAN, and MR. JUSTICE BRENNAN join, dissenting.

The trial court in this case, according to the views expressed in my concurring opinion in *Sherman* v. *United States, ante,* p. 378, should itself have ruled on the issue of entrapment and not left it to determination by the jury. On a mere reading of the cold record the evidence for sustaining such a claim seems rather thin. But the judge who heard and saw the witnesses might give different weight to the evidence than the printed record reveals. Accordingly, I would remand the case to the District Court for determination of the issue of entrapment by the trial judge. If he should conclude, as the jury was allowed to conclude, that the claim of entrapment was not sustained, the conviction would stand. If he reached a different result, the indictment should be dismissed. This seems, on my view of the law, a better disposition than for this Court to decide that no harm was done in leaving the question to the jury because as a matter of law there was no entrapment.

---

of entrapment by the trial judge. This issue was never raised by the parties. The question of entrapment was submitted to the jury, and the charge to the jury was not put in issue by petitioner either here or in the Court of Appeals.