Joel MORALES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13415.

United States Court of Appeals
Sixth Circuit.

Oct. 29, 1958.

James G. O'Hara, Detroit, Mich., for appellant.

Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich., Fred W. Kaess, U. S. Atty., Detroit, Mich., on brief, for appellee.

Before ALLEN, Chief Judge, and SIMONS and MILLER, Circuit Judges.

SIMONS, Circuit Judge.

The appellant was indicted and convicted for violating Title 26 U.S.C. § 2591(a), specifically with having transferred marijuana, on October 21 and 25, 1954, without proper authorization. The transfer was admitted and the sole defense was entrapment, supported by the uncontradicted evidence of the appellant. He was the only witness thereto and was not cross examined in respect to it.

The appellant testified that he met Tony Gutierrez, a special employee or undercover agent of the Government, some three months before his arrest. Following this meeting, the appellant saw Gutierrez three or four times a week in the Mexican community of Detroit. Following the first meeting, Gutierrez repeatedly asked the appellant if he could get any marijuana. Appellant invariably replied that he did not know where to get it and did not know "that kind of business". Following successive answers of like tenor, this appellant was told by Gutierrez that he would purchase any quantity that he could get. Some time later, he was told by a man named Rivas, or Rivera, of a place where marijuana was growing wild. Appellant went to a man named Mosko to see if what appellant thought to be marijuana really was. Mosko advised Morales that it was marijuana and volunteered information as to how to dry it. When Morales finally en-

**940**

tered the transaction, he was out of work and had a family to support. When asked if he would have sold marijuana if he had not met Gutierrez he replied: "I don't think so". The Government did not produce Gutierrez as a witness. Upon the above evidence, a motion for a directed verdict of acquittal made at the close of the Government's proof was overruled and the case submitted to the jury which returned a verdict of guilty on both counts of the indictment, with a recommendation for leniency.

There was no proof that the appellant had any contact with persons engaged in the illicit sale of narcotics nor any evidence whatsoever of circumstances that would justify even a reasonable suspicion that he was engaged in the traffic. The appellant was not an addict and had no criminal record. He was twenty six years old, born in Mexico, married, with a wife and two children, a tailor by occupation, working for important merchants in Detroit, but, at the time of the events here disclosed, without steady employment. He first met Gutierrez only incidentally at a Mexican restaurant, but thereafter saw him more than fifteen times and between five and ten times Gutierrez had told him that he had an important connection and if he could get marijuana for him he could make money. Appellant testified that he had never sold marijuana before, had never bought any, that he had never considered dealing in marijuana before he met Gutierrez; that Gutierrez kept on asking him to get some marijuana so that they could make money; that he was at that time out of work, had a family to support, and was told that getting the narcotic "was easy".

Upon the reasoning and authority of controlling Supreme Court cases, there was presented here a clear case of *entrapment*. In Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, it was pointed out by the late Chief Justice Hughes that the purpose of statutes, such as that with which we are here concerned, is to prevent crime and not to incite or induce its commission. The evidence there of entrapment called for

submission of the issue to the jury. Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848, while reasserting the doctrine of the Sorrells case, held that the issue whether a defendant had been entrapped is for the jury, unless it can be decided as a matter of law and its mandate was to remand the case to the district court with instructions to dismiss the indictment, since undisputed facts established *entrapment*. The reasoning in Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859, is similar, although in that case the issue went to the jury. The law in this Circuit is in accord with the Sorrells and Sherman cases. Morei v. United States, 6 Cir., 127 F.2d 827.

Thus viewing the problem, we do not reach the issue raised by the appellant that an instruction of the Court that good faith and honest belief that the law is being violated is an answer to the charge of entrapment.

Reversed and remanded to the district court with instructions to dismiss the indictment.