UNITED STATES of America,
Appellee,

v.

Vincent ZAMBARDI, Defendant-Appellant.

No. 143, Docket 25862.

United States Court of Appeals
Second Circuit.

Argued Dec. 1, 1959.

Decided March 16, 1960.

Herbert S. Siegal, New York City, for defendant-appellant.

Samuel Sheres, Asst. U. S. Atty., S.D. N.Y., New York City (S. Hazard Gillespie, Jr., U. S. Atty., and Kevin Thomas Duffy, Asst. U. S. Atty., New York City), for appellee.

Before CLARK, WATERMAN, and MOORE, Circuit Judges.

CLARK, Circuit Judge.

After trial to the court Judge Palmieri found the defendant guilty of conspiring to violate the narcotics laws in contravention of 21 U.S.C. §§ 173, 174. At the same time the judge found him not guilty on a substantive count charging him with having sold narcotics and having facilitated such a sale. This acquittal resulted from a finding of reasonable doubt as to whether defendant's participation in the sale may not have resulted from entrapment. The only error assigned on appeal is that this finding required a similar finding on the conspiracy count. The resolution of this issue necessitates a

summarization of the testimony adduced at the trial.

The alleged entrapment was effected by one Bova, a previous acquaintance of defendant. Bova represented that a companion was interested in purchasing narcotics. Unknown to defendant, Bova was a special employee and his companion an agent of the Bureau of Narcotics. They were introduced by defendant to one Maimone, a codefendant below who entered a plea of guilty prior to trial. The agent expressed a desire to purchase a large quantity of heroin, but sought to buy a sample before entering into such a transaction. Negotiations for the sale of an ounce of heroin were concluded at a second meeting and this transaction was subsequently consummated. A third meeting involved arrangements for the purchase of a quarter kilo of heroin, for which Maimone demanded half payment in advance. But before this sale was transacted, Maimone and defendant became aware of the agent's identity.

So much is clear; the remaining evidence was largely conflicting. Bova testified that the defendant readily agreed to assist in arranging the transaction, while defendant asserted that he initially refused before finally succumbing to Bova's entreaties. Defendant also denied participation in all negotiations apart from the introduction, testifying that he was present only at the first meeting. But the agent asserted that defendant not only was present at all three meetings, but also offered assurance that Maimone "was all right, that he [defendant] stood behind him a hundred per cent." This alleged testimonial was offered at the third meeting to assuage the agent's misgivings in regard to the advance payment requirement. Although defendant was not present during the physical transfer of narcotics, there was conflicting testimony as to whether he received payment from Maimone for his part in the transaction. There was also testimony that at the first meeting defendant named his brother-in-law as an alternative source of narcotics, but at subsequent meetings stated that he had not yet been able to locate this relative.

The resolution of this conflicting testimony necessarily turned upon an assessment of credibility and thus was a matter for the trial court sitting as trier of fact. From this we conclude that the evidence did not establish entrapment as *a matter of law* on either count. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859, affirming United States v. Masciale, 2 Cir., 236 F.2d 601; Lyons v. United States, 98 U.S.App.D.C. 276, 235 F.2d 223. And in acquitting on the first count the court found only a reasonable doubt, not an assured fact, on the evidence. Indeed, we do not understand defendant to assert the contrary. The point now urged is merely that conviction on the second count is inconsistent with acquittal on the first count. But the same conclusions if reached by a jury would clearly be unimpeachable. It is true that this court has recently decided that a trial judge, sitting as the trier of fact, is held to a more exacting standard, so that inconsistency, if established, requires reversal. United States v. Maybury, 2 Cir., 274 F.2d 899. But we do not find that principle applicable to the present circumstances.

Here the trial court was faced with the question whether defendant's actions were the product of government inducement or a matter of independent volition. Sherman v. United States, 356 U.S. 369, 374, 78 S.Ct. 819, 2 L.Ed.2d 848. On the substantive count the court considered only the evidence of the initial meeting and was not convinced beyond a reasonable doubt of the absence of entrapment. But when evidence of the subsequent meetings and defendant's active participation therein was also considered, such reasonable doubt was dispelled. Since the testimony of government agents was probative of the voluntary nature of defendant's participation, we are unable to see the alleged inconsistency. In fact at the trial defendant denied such participation, instead of asserting that it was the product of en-

trapment. The two findings of the trial judge seem therefore perfectly logical and consistent, as well as well supported by the evidence.

Conviction affirmed.

WATERMAN, Circuit Judge (concurring).

I concur in the result reached by the majority. However, I wish to add a little to their analysis, for I do not believe they deal sufficiently with one problem raised by Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848. In Sherman, 356 U.S. at page 374, 78 S.Ct. at page 822, the Court stated that entrapment is a defense not only to the initial act of tainted inducement but also as to subsequent acts which are the product of the original overture. It seems clear to me that here the acts on January 9th would not have occurred but for the acts occurring on January 7th, acts which Judge Palmieri has held to constitute entrapment. Thus, although defendant has not established entrapment as a matter of law as to either count as the majority opinion points out, there is an inconsistency in Judge Palmieri's disposition of the defense of entrapment on the two counts. The majority hold that United States v. Maybury, 2 Cir., 274 F.2d 899, is inapplicable here because they find no inconsistency in the disposition of the two claims of entrapment. I, on the contrary, find there is inconsistency; but, even so, Maybury does not hold that there must be reversal in all cases where the trial judge, sitting as trier of fact in a criminal case, renders an inconsistent decision. Maybury requires reversal when there is an inconsistent appraisal of the credibility of evidence necessary to sustain the count upon which the defendant has been convicted. In this case we know that Judge Palmieri found the Government's evidence as to defendant's conduct on January 9th to be credible because it was on the basis of this evidence that Judge Palmieri refused to allow the defense of entrapment as to the conspiracy count (R. 150). Had Judge Palmieri considered defendant's conduct on January 9th as bearing on defendant's character on January 7th, a matter which Sherman, supra, 356 U.S. at pages 372–373, 78 S.Ct. at pages 820–821, states to be of crucial importance in evaluating a defense of entrapment, quite likely he would have refused to allow the defense of entrapment to the substantive count. Thereby, to be sure, the inconsistency would have been avoided, but defendant would remain convicted just the same on the substantive count. Hence, on a substantially different rationale than that of the majority, I, too, would hold that Maybury is inapplicable here.