UNITED STATES of America,
Appellee,

v.

Michael Larry SCHACHEL, Appellant.

No. 318, Docket 25884.

United States Court of Appeals
Second Circuit.

Argued March 31, 1960.

Decided April 1, 1960.

Ann Thacher Clarke, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Herbert F. Roth, Asst. U. S. Atty. S. D. of New York, Astoria, N. Y. (S. Hazard Gillespie, Jr., U. S. Atty. S. D. of New York, and David R. Hyde, Asst. U. S. Atty. S. D. of New York, New York City, on the brief), for appellee.

Before LUMBARD, Chief Judge, BARNES, Circuit Judge, and SMITH, District Judge.

PER CURIAM.

Michael Schachel appeals from his conviction upon an indictment charging him with unlawful receipt, possession, concealment and facilitation of transportation of heroin in violation of 21 U.S.C.A. §§ 173, 174. Schachel's defense at trial was based upon the contention that he was entrapped by government agents into commission of the crime charged. The government submitted extensive, indeed almost overwhelming, evidence tending to show that the impetus to commission of the crime originated with the defendant. Schachel testified to the contrary. The issue of entrapment was submitted to the jury, which found against defendant. Defendant urges on appeal that it was error to send the issue of entrapment to the jury, because the matter should be determined in all cases by the court as a question of law. The controlling Supreme Court authority is to the contrary. The problem first came before the Court in Sorrells v. United States, 1932, 287 U. S. 435, 53 S.Ct. 210, 77 L.Ed. 413, in which the majority held that the issue of entrapment is one of fact to be submitted by the jury when conflicting evidence is introduced. The question was reconsidered and Sorrells adhered to in Sherman v. United States, 1958, 356 U.S. 369, 78 S. Ct. 819, 2 L.Ed.2d 848, and Masciale v. United States, 1958, 356 U.S. 386, 78 S. Ct. 827, 2 L.Ed.2d 859.

We note with appreciation the able and zealous representation of the appellant by Ann Thacher Clarke as assigned counsel.

Affirmed.