UNITED STATES of America,
Appellee,

v.

Thomas ORZO, Appellant.

No. 368, Docket 26179.

United States Court of Appeals
Second Circuit.

Argued June 15, 1960.

Decided June 30, 1960.

Vincent J. Velella, New York City, for appellant.

S. Hazard Gillespie, Jr., U. S. Atty., Southern Dist. of New York, New York City (Paul J. Curran, David Klingsberg, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before WATERMAN, MOORE and HAMLIN,* Circuit Judges.

PER CURIAM.

Upon a one count indictment charging violations of 21 U.S.C.A. § 173 and § 174 appellant was convicted of having transferred to an undercover narcotics agent an envelope knowing it to contain narcotics.

---

* Of the Ninth Circuit, sitting by designation.

A brief statement of the circumstances surrounding this transfer is necessary in order to understand appellant's principal contention. On March 25, 1959 at a restaurant at 85th Street and Lexington Avenue in Manhattan appellant met with Anthony Manzari, a "special employee" of the Narcotics Bureau, and Milton Wu, at that time an undercover agent for the Narcotics Bureau. There appellant and Wu, after negotiation, arrived at a purchase price for five ounces of heroin Wu had previously agreed to buy from appellant, Manzari having acted as their go-between. When the price had been determined appellant informed Wu that the narcotics were concealed in a package hidden in a nearby motion picture theater. Wu objected to payment of the purchase price until he had an opportunity to assess the quality of the narcotics. Thereupon, according to Wu's testimony, appellant furnished Wu a "sample,"—the quantity of narcotics set forth in the indictment—and suggested that the sample be checked for quality prior to any payment. Wu surreptitiously "field tested" the sample and found it to be narcotics. Wu then paid appellant the agreed-upon price. Appellant and Manzari accompanied Wu to the theater, agreeing to wait outside until Wu returned with the package which appellant had promised would contain the heroin. Wu found the package, but when he emerged from the theater appellant and Manzari had disappeared. Upon chemical analysis the package was found to contain a non-narcotic substance.

It is appellant's contention that Manzari, a personal friend of long standing, enlisted him in a scheme to defraud. According to appellant, Manzari told him of Wu's desire to buy narcotics. Appellant further testified that Manzari indicated how harmless white powder would resemble narcotics, and, upon obtaining appellant's agreement to cooperate, furnished appellant with the envelope to give to Wu, representing to appellant that the envelope also contained only harmless white powder. Section 174 requires that an accused be guilty of fraudulent or knowing conduct, and appellant contends his conviction must be reversed because he did not know that the sample contained heroin.

On rebuttal for the Government Manzari denied appellant's account of the events. Manzari testified that the details of the sale were determined by appellant and that he, Manzari, had no part in obtaining the sample of heroin. Additionally, Wu testified that it was appellant who urged Wu to test the sample. Therefore, it was necessary that both Wu and Manzari be disbelieved if the jury were to accept the contention that appellant did not know the sample contained narcotics. We find that there was sufficient evidence for the jury to conclude that when appellant transferred the envelope of narcotics he knew what the envelope contained.

Appellant interposes the defense of entrapment, and in so doing seems to confuse that issue with the issue of whether appellant's conduct was *knowing*, see Sorrells v. United States, 1932, 287 U.S. 435, 442–443, 53 S.Ct. 210, 77 L.Ed. 413. In any event, in view of the testimony of Manzari and Wu, appellant has not established entrapment as a matter of law. Masciale v. United States, 1958, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859, rehearing denied, 357 U.S. 933, 78 S.Ct. 1367, 2 L.Ed.2d 1375. Appellant also objects to the charge to the jury on the entrapment issue. The objection, not raised below, is that though the district judge properly instructed the jury that the defendant had the burden of proving inducement by the Government, the district judge should have also instructed that the defendant was not required to prove this inducement beyond a reasonable doubt. We find the instruction satisfactory.

Affirmed.