UNITED STATES of America,
Appellee,

v.

Nathaniel ARNOLD, Appellant.

No. 414, Docket 25739.

United States Court of Appeals
Second Circuit.

Argued June 21, 1961.

Decided July 10, 1961.

Sheldon H. Elsen, Asst. U. S. Atty., So. Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., and Gerald Walkin, Asst. U. S. Atty., So. Dist. of New York, New York City, on the brief), for appellee.

Edward Q. Carr, Jr., New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before CLARK and SMITH, Circuit Judges, and DAWSON, District Judge.

PER CURIAM.

Arnold was convicted on a count of conspiracy to sell narcotics, growing out of a sale by Arnold and one Wylder of 171 grains of heroin to narcotics agent Mercado. His sole ground of appeal is the conduct of the government agents and employees leading up to the sale, which he contends amounted to entrapment as a matter of law and made the conviction a violation of his rights to due process under the Fifth Amendment. We find no merit to his claims. There was evidence from which the jury could have found that Arnold was ready and willing to engage in the narcotic traffic before any suggestion by the government's employees. Indeed, on the first suggestion by Griffin, a former prison mate, that a "friend" (Agent Mercado) wanted to buy a "piece of horse" (ounce of heroin), Arnold quoted a price and undertook to obtain it. Evidence followed of diligent effort and early success at the price originally set by Arnold. This raised at least a jury question on the defense of entrapment. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859. The issue was properly submitted to the jury on a full and accurate charge on the elements of the defense, Sherman v. United States, 1958, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Sorrells v. United States, 1932, 287 U.S. 435, 53 S. Ct. 210, 77 L.Ed. 413; United States v. Toy, 2 Cir., 1960, 273 F.2d 625, 626. No attack is made on the adequacy of the charge. The verdict and judgment must stand. Affirmed.[1]

1. The court desires to express its appreciation to the New York Legal Aid Society and Edward Q. Carr, Jr., Esq., for his diligent efforts as appointed counsel on behalf of appellant.