UNITED STATES of America,
Plaintiff-Appellee,

v.

William Henry HACKETT, Defendant-
Appellant.

No. 14634.

United States Court of Appeals
Sixth Circuit.

May 25, 1962.

Albert A. Goldfarb, Detroit, Mich., for defendant-appellant.

Paul J. Komives, Asst. U. S. Atty., Lawrence Gubow, U. S. Atty., Detroit, Mich., on brief, for plaintiff-appellee.

Before CECIL and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

PER CURIAM.

This is an appeal from a jury verdict finding the appellant guilty on all five counts of an indictment charging unlawful possession and sale of heroin. Title 21 U.S.C.A. § 174; Title 26 U.S. C.A. § 4705(a). Following the conviction and the prosecution of an information pursuant to Title 26 U.S.C.A. § 7237, charging the defendant with a prior narcotics conviction the trial court imposed sentences of fifteen years on each of the five counts, the sentences to run concurrently.

The defendant did not testify in his own behalf nor did he tender other witnesses in the district court trial. He contends broadly on this appeal he was entitled to a verdict of acquittal by the trial judge on the grounds of entrapment and that the trial judge erred in not directing such verdict on this ground as a matter of law. Though this insistence would seem to have no application with respect to count five of the indictment, the basis for the defendant's position concerning entrapment is that the government agents working through an informer, Clifton Watson, arranged with Watson for two purchases of heroin from the defendant. The trial judge ruled the question of entrapment was for the jury and he quite adequately instructed the jury in this connection. There was no exception to his charge. In our view the submission of this issue to the jury was proper and there was ample evidence from which the jury

could reasonably find the defendant was not a victim of entrapment on the part of the government agents. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958); Morales v. United States, 260 F. 2, 939, C.A. 6 (1958).

■ The defendant raises questions under the Jenks Act (Title 18 U.S.C.A. § 3500) relative to the production of notes and statements made by various government agents in the questioning of witnesses during the investigation of this case. The district judge in our opinion handled this phase of the trial properly and with much care. The defendant's rights were adequately protected in this regard, and there is no merit in this assignment by the defendant.

■ The defendant regarding count five of indictment takes exception to the trial court's denial of the defendant's motion to suppress the evidence which was seized without a search warrant at the time of the defendant's arrest. We find no support in the record for the assignment in this connection. There was in our opinion probable cause for the agents to believe that the defendant at the time of his arrest was committing an offense under the narcotic laws of the United States. Title 26 U.S.C.A. § 7607; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

■ Another issue on this appeal is whether the trial court erred in receiving in evidence certain statements made by the defendant to the government agents herein more than a week following his arrest while at liberty on bond. The defendant claims admissions at that time were made only after inducements through promises of reward by the government agents. The trial judge following the usual practice, first considered and passed upon this matter out of the jury's presence. It was then inquired into in the jury's presence, and the question was submitted to the jury under proper instructions. United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951); Lyons v. Oklahoma, 322 U.S. 596, 64 S.Ct. 1208, 88 L.Ed. 1481 (1944). The complaint in this regard is not well founded.

Other questions raised by the defendant have been considered in the light of the briefs, arguments of counsel and the entire record and are found to be without merit. There being no reversible error, the judgment of the district court is affirmed.