**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Raul Manfrediz ORZA, Defendant-Appellant.**

**No. 410, Docket 28249.**

United States Court of Appeals
Second Circuit.

Argued June 25, 1963.

Decided June 28, 1963.

William Merritt, New York City, for appellant.

Jack D. Samuels, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of N. Y., Sheldon H. Elsen, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

HAYS, Circuit Judge.

Raul Manfrediz Orza appeals from a judgment of conviction based upon the verdict of a jury which found him guilty of a violation of the statute prohibiting dealing in narcotics, 21 U.S.C. § 173, and of conspiracy to do so, 21 U.S.C. § 174. We affirm the conviction.

The evidence supporting the conviction may be briefly summarized as follows:

Angel L. Gonzalez, an agent of the Federal Bureau of Narcotics was introduced by a special employee of the Bureau to one Rios del Valle known as "Chago". Gonzalez told Chago that he wanted to purchase a half ounce of heroin. Chago replied that he would speak to a friend about the matter. Chago, Agent Gonzalez and the special employee then went to a hotel where Chago entered the hotel to find his friend. He returned a few moments later saying that his friend was not in. After an unsuccessful search of the neighborhood for Chago's friend, Agent Gonzalez asked Chago for the friend's telephone number or address. Chago wrote out for him the name "Mafredy", the telephone number and the hotel room number of defendant.

Later the same day Agent Gonzalez called the telephone number which Chago had given him. He told the man answering the telephone that he was the person who wanted to purchase half an ounce of heroin and that he assumed Chago had spoken to him about the matter. The man on the telephone said that he knew all about it and arranged to meet Gonzalez in about an hour. He told Gonzalez that he could be identified because he would have Chago with him.

At the appointed time and place Agent Gonzalez met Chago and defendant Orza. Orza identified himself as the man with whom Gonzalez had spoken on the telephone. Gonzalez asked again for the heroin and defendant replied that he would supply a half ounce of heroin of good quality for $175.

Defendant, Chago, and Gonzalez then proceeded to a nearby hotel where Gonzalez gave defendant $175 and defendant entered the hotel. Shortly thereafter defendant returned and gave Gonzalez a glassine envelope containing heroin. Gonzelez thereupon asked how he could arrange for future transactions and defendant replied that he could be found in the neighborhood but that future negotiations should be handled through Chago.

Appellant testified in his own behalf and told a story differing in several respects from the testimony of Agent Gonzalez.

On this appeal defendant raises only two points. First he claims that the evidence shows entrapment and complains that the judge presiding at the trial refused to give certain requested charges on the subject of entrapment. He argues, second, that the evidence is insufficient to establish a conspiracy.

Defendant's claim of entrapment is based upon his own testimony which tended to show that he was reluctant to make the proposed sale and that he was persuaded to do so by Gonzalez' representation that he needed the narcotics.

The issue as to entrapment is whether the evidence showed that defendant was ready and willing to commit the type of crime charged, with the government agent merely offering the opportunity for its commission, or whether the defendant, having no previous purpose to commit such a crime, was persuaded to do so by the agent. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932). Compare Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L. Ed.2d 859 (1958), with Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). This question was for the jury, see Masciale v. United States, supra, 356 U.S. at p. 388, 78 S.Ct. at pp. 828–829, 2 L.Ed.2d 859, which could properly have found against the defendant on the basis of the size of the sale, the defendant's willingness to make it, his representations as to the quality

of the narcotics, the ease with which he was able to make almost immediate delivery, and his stated willingness to make future sales. The charge on this question was "very fair," as counsel conceded below, and is wholly supported by the cases cited above.

■■ Since the sentence on the conspiracy count is to run concurrently with that on the substantive count, it is unnecessary to consider the alleged error in the conviction on the conspiracy count. United States v. Mont, 306 F.2d 412 (2d Cir.), cert. denied, 371 U.S. 935, 83 S.Ct. 310, 9 L.Ed.2d 272 (1962). In any event the evidence on the conspiracy count was ample to support the verdict.

Affirmed.