**Manuel Lee MATYSEK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 18412.**

United States Court of Appeals Ninth Circuit.

July 10, 1963.

Rehearing Denied Aug. 21, 1963.

---

Morris Lavine, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, David R. Nissen, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before JERTBERG and MERRILL, Circuit Judges, and WEIGEL, District Judge.

JERTBERG, Circuit Judge.

Appellant was convicted under a four count indictment charging violations by appellant and co-defendant, Lillian Johnson, of 21 U.S.C. § 174. The second and fourth counts charge sales of heroin on two different days to one Abney a special employee of the Bureau of Narcotics. The first and third counts charge the defendants with the receipt, concealment and transportation of the same heroin which forms the subject matter of counts two and four.

The trial was to the court sitting without a jury, a trial by jury having been expressly waived by appellant in the form and manner set forth in Rule 23(a) Federal Rules of Criminal Procedure.

The District Court sentenced the appellant to five years in prison on each of the four counts, the sentences to run concurrently.

The only question presented on this appeal is whether the District Court erred in failing to acquit the appellant on the ground the evidence established, as a matter of law, her defense of entrapment.

The principles which should guide a District Judge when the defense of entrapment is an issue in a criminal case are set forth in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932) and Sherman v. United States,

356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958).

The controlling question is " * * * whether the defendant is a person otherwise innocent whom the Government is seeking to punish for an alleged offense which is the product of the creative activity of its own officials." Sorrells, supra, 287 U.S. p. 451, 53 S.Ct. p. 216.

■■ If it be established that the act denounced as a crime was committed by an otherwise innocent person whose act was the product of the creative activity of law enforcement officers of the United States then entrapment has been established as a matter of law. Sherman v. United States, supra. In such a situation it is the duty of the District Judge to acquit the defendant. If the relevant evidence bearing on the controlling question is in conflict, it is to be resolved by the trier of the facts. Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958).

This Court has repeatedly held, following the rationale of Masciale, that when the issue of entrapment is present and there is a conflict in the relevant evidence and credibility factors are involved, it is the duty of the trier of fact to determine whether the accused is an unwary criminal or an unwary innocent. Walker v. United States, 298 F.2d 217 (9th Cir. 1962) and cases cited in Footnote 9 of the opinion.

■■ The defense of entrapment is not established as a matter of law by simply showing "that the particular act was committed at the instance of government officials." Sorrells v. United States, supra, 287 U.S. p. 451, 53 S.Ct. p. 216. Relevant to the issue is the predisposition and willingness of the accused to commit the crime and the criminal design of the accused.

In light of the principles of law above stated, we proceed to review the evidence before the District Court. The testimony of Abney, the informer, may be summarized as follows. In 1956 he was convicted in the United States District Court for the Southern District of California of the offense of selling narcotics and served his sentence at a Federal Penitentiary; he became acquainted with appellant in the fall of 1960; from such time [eight or nine months] until his arrest on narcotics charges in March, 1961, he and appellant almost daily purchased and used narcotics to which they were both addicted; sometimes he furnished the purchase price of the heroin and at other times appellant furnished the same; in March, 1961 a Federal indictment was returned against him charging in four counts sales of heroin, and also charging his prior conviction for selling narcotics; he was placed under arrest and in April of 1961 was enlarged on bail in the amount of $5,000.00 although bail for a co-defendant was fixed in the amount of $20,000.00; upon his release from jail he immediately phoned appellant and phoned her on many occasions before he communicated with the Federal Narcotic Officers, which he did shortly after his release from jail by informing a narcotic officer that "I could make a couple of buys, and he told me to meet him and we would talk about it"; shortly after that conversation he became a special agent for the government and informed the narcotic officers that he could make purchases of heroin from the appellant; he was supplied with money by the government agents and made two purchases of heroin from the appellant which are not included in the indictment returned against appellant and Lillian Johnson; he was supplied with money by the government agents and purchased the heroin described in counts two and four of the indictment; in order to make arrangements for the purchases from appellant he made many phone calls to her or her home; after making the purchases of heroin above described, the charges set forth in the pending indictment against him, including the charge of prior conviction, were dismissed by order of the court and he was permitted to plead guilty to a "tax count" and sentenced for a term of five

years; that while he hoped that his cooperation with the government agents in making purchases of heroin from the appellant might result in a lighter sentence, he denied that the government agents made any promises to induce him to serve as an informer; and that he was brought from a Federal Narcotic Hospital to testify against appellant and Lillian Johnson. The testimony of Abney after he became a paid informer for the government is so meager, confusing and unsatisfactory that we are unable to determine whether he or appellant first suggested the acquisition of heroin.

The testimony of appellant, a colored woman, married, and the mother of a small child may be summarized as follows: In 1956 she was convicted of the offense of possession of narcotics; that she suffered the following bodily ailments: a heart condition, a thyroid condition, a protruding hernia, abscessed teeth and injuries sustained in an automobile accident; that she had been given narcotic medications for her ailments under the directions of her physicians; that she met Abney in the fall of 1960 when he came to her home selling narcotics; that thereafter and up to the time of Abney's arrest in March of 1961 she purchased heroin from Abney and they both used the same; that she became a narcotic addict; that she was trying to resist the use of narcotics when Abney was released from jail and communicated with appellant and wanted to get some narcotics; that Abney phoned her or her home on many occasions; that she endeavored to avoid him; that she never sold any narcotics to Abney but did at Abney's insistence arrange for Abney to purchase narcotics from Lillian Johnson; and that she would never have made such arrangements to do so had she not been induced and persuaded by Abney so to do.

The government agent testified as to his surveillance of Abney on the occasions testified to by him of his transactions with the appellant. There is no testimony in the record that narcotics or marked money were found in the custody or under the control of appellant.

■■ The District Judge had the opportunity to observe Abney and appellant during the course of the trial, and their manner and demeanor while testifying. He was in a position to accord the testimony of each the weight to which it was entitled in light of all factors bearing upon credibility. While we condemn the use by the government of a confirmed narcotic offender as an informer, while there is pending against him serious charges of narcotic violations which might result in a long penitentiary sentence, nevertheless, applying the rationale of Masciale, we hold that the record before us does not establish entrapment as a matter of law. The implied finding of fact of the District Judge that appellant was an "unwary criminal" is binding upon us.

The judgment of conviction is affirmed.

WEIGEL, District Judge (concurring).

I am constrained to add that the facts in this case are typical of an ugly pattern in so many arising under enforcement of narcotic laws which fail to get at the main roots of the evil—addiction itself and huge profits to large distributors preying upon it. Today we must affirm conviction of an addict-seller driven to make small sales to obtain the means to satisfy a habit in which he is enslaved. Tomorrow it will be an addict-buyer turned a small seller for the same reason. Today and tomorrow, following the law, we shall be forced to convict on the basis of evidence obtained by enforcement officials using informers who are helpless victims of the habit. In cases such as this, the law compels us, it seems to me, to become part of a process of futile nibbling at the outermost fringes of the real evils and to condone methods of obtaining evidence which have no virtue save effectiveness.