**UNITED STATES of America,
Plaintiff,**

v.

**Harold THOMAS, Defendant.**

**No. 63 Cr 77(3).**

United States District Court
E. D. Missouri, E. D.

Nov. 1, 1963.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for plaintiff.

Norman S. London, St. Louis, Mo., for defendant.

REGAN, District Judge.

This matter was tried to the Court without a jury. The defendant is charged in Counts 1 and 2 of the indictment with unlawfully selling heroin on December 3, 1962, to Harold King for $20.00, and the unlawful receipt and concealment of the same; and in Counts 3 and 4, defendant is charged with the unlawful sale of heroin tó Harold King on December 4, 1962, for the sum of $28.00, and the unlawful receipt and concealment of this narcotic. The evidence presented by the Government disclosed that Harold King, a narcotic addict, and the informer for the Bureau of Narcotics, met agents Maher and Snokhous, of the Narcotics Bureau, about 6:00 o'clock P.M., on December 3, 1962. After a brief conversation between King and the two agents, King was searched and given $20.00 in Government funds. King was then driven by the agents to the vicinity of Goode and Easton Avenues where he alighted from the Government automobile. The agents parked the car where they were able to observe King. King walked to the front of a residence at 4227 Easton Ave., where he talked to a young colored boy who entered the residence at the

aforementioned address. Almost immediately after the boy's entrance into the building, the defendant Thomas came out. Thomas and King had a brief conversation on the sidewalk. The gist of the conversation between King and Thomas, as testified to by King, was that King told Thomas he wanted to purchase five "things" from Thomas. Both men then walked a short distance on Easton Avenue toward Goode Avenue, then defendant Thomas was seen to transfer an envelope to the informer King, and King was then seen to give a sum of money to the defendant Thomas. After this transaction Thomas turned and walked east toward the house from which he had come and King proceeded north on Goode Avenue. King was then picked up by the narcotic agents in their car. The narcotic agents searched King and found the five capsules containing a white powder which the evidence of the Government chemist revealed was heroin.

On the following day, December 4, 1962, the same Government agents met the informer Harold King at approximately 12:45 o'clock P.M., searched him and discovered that he had no narcotics on him, after which they gave him $28.00. King was then taken to the neighborhood of Aldine and Goode Avenues and permitted to leave the car. Aldine is one block north of Easton. The evidence revealed that the agents kept King in their view at all times as he proceeded from Aldine and Goode to 4227 Easton. According to King, he knocked on the door and asked for Thomas and when the defendant appeared at the door, King testified, he told the defendant he wanted seven "things". Thereupon, Thomas removed the seven capsules from his pocket and gave them to King in return for the $28.00. Agent Snokhous testified that he and agent Maher observed King walk away from 4227 Easton and that he was immediately picked up by the agents, searched, and found to have seven capsules which contained white powder. Analysis by the Government chemist revealed the powder to be heroin.

King testified he did not have a Government order form permitting the legal purchase of narcotics on either December 3rd or December 4th, 1962.

Defendant, by his counsel, moved for a judgment of acquittal at the conclusion of the Government's opening statement on the ground that if the evidence in the case was as the Assistant District Attorney described it would reveal entrapment as a matter of law. Therefore, the defendant should be discharged. At this juncture the Court overruled the defendant's motion.

Defendant contends that the evidence adduced by the Government does not prove the defendant guilty beyond a reasonable doubt, and further contends that the evidence offered by the Government proves entrapment as a matter of law. Defendant maintains that the failure of the Government to call agent Maher of the Federal Narcotics Bureau, and further failing to explain his absence creates the presumption that had Maher been called as a witness his testimony would have been unfavorable to the position of the Government.

The fact that the Government failed to call agent Maher as a witness has been considered by the Court. Under the circumstances in this case where agent Maher was in a position to observe the events in exactly the same manner as agent Snokhous, it would seem likely that his testimony would have been cumulative rather than favorable to the defendant. However, in the law there is still a presumption that a witness particularly available to the Government who was not called by the Government would give testimony favorable to the defense.

It is the Court's position in this case, however, that there has been no showing that evidence material to the defendant's case was suppressed. See United States v. Brown, 2 Cir., 236 F.2d 403. Therefore, the Court finds that, even indulging the defendant in the presumption, the evidence presented by the

prosecution was substantial, and that the presumption of unfavorable testimony from agent Maher was not sufficient to create in the mind of the trier of the facts a reasonable doubt.

█ It is the Court's position that the uncontradicted evidence presented in this case is that the Government's witness King did not have an order form for the purchase of narcotics and further that he had purchased narcotics on two occasions from the defendant. It further appears that on both occasions, the defendant had the narcotics on his person immediately prior to the sale, and that the only conclusion that the Court could draw therefrom is that the defendant was ready and willing to sell narcotics and to commit the crime with which he is charged.

In the case of United States v. Orza, 2 Cir., 320 F.2d 574, 575, the Court said: "The issue as to entrapment is whether the evidence showed that defendant was ready and willing to commit the type of crime charged, with the government agent merely offering the opportunity for its commission, or whether the defendant, having no previous purpose to commit such a crime, was persuaded to do so by the agent. (Cases cited)". The Court further said in the same case that "This question was for the jury, see Masciale v. United States, supra, 356 U.S. [386,] at p. 388, 78 S.Ct. [827,] at pp. 828–829, 2 L.Ed.2d 859, which could properly have found against the defendant on the basis of the size of the sale, the defendant's willingness to make it, his representations as to the quality of the narcotics, the case with which he was able to make almost immediate delivery, and his stated willingness to make future sales".

█ The Court being the trier of the facts in this case believes that the evidence in this record discloses that Thomas was ready to sell narcotics, and the Government, through the informer King, merely provided him with a purchaser. There is no evidence in this record of any reluctance on the part of Thomas to sell this contraband drug. Therefore, it is the judgment of this Court that he be found guilty on each count, and the clerk is directed to enter judgment of conviction, accordingly.