**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Phillip Elmore GAINES, Jr., Defendant-Appellant.**

**No. 16250.**

United States Court of Appeals
Sixth Circuit.
Nov. 26, 1965.

Dale Quillen, Nashville, Tenn., for appellant.

Carrol D. Kilgore, Asst. U. S. Atty., Nashville, Tenn., for appellee, James F. Neal, U. S. Atty., Nashville, Tenn., on the brief.

Before EDWARDS, Circuit Judge, THORNTON, District Judge, and TAYLOR, District Judge.

PER CURIAM.

This is an appeal from the United States District Court for the Middle District of Tennessee from a judgment ren-

dered on a verdict finding appellant guilty on Counts Two, Three, Seven and Eight, in which he was charged, with two co-defendants, with possessing and concealing nontaxpaid whiskey in violation of Title 26 U.S.C. 5604(a) (1) and 7206(4). He received a sentence of one year and a fine of $500.00 on the second count; one year on the third, seventh and eighth counts of the indictment, respectively, the sentences to run concurrently.

The facts are clear. On the morning of December 7, 1962, an investigator with the Alcohol and Tobacco Tax Unit of the Government went to the house of appellant. Walter Haynes, a co-defendant, was there. They talked about whiskey and appellant stated that he had fifty gallons that he could sell at $6.00 a gallon and that if the Government agent would return later he would sell him larger amounts at a cheaper price. The agent, William M. Shaw, agreed to take the whiskey and was to meet him at 1:30 p. m. on the same date for delivery. They met in accordance with the agreement. Appellant drove a Bonneville Pontiac 1962 automobile and was accompanied by Haynes. Appellant and Haynes were in one car and the agent in a Government car. They drove to the south city limits of Murfreesboro on Highway 231 where Shaw was told to wait in his car for about twenty minutes when appellant would return. At about 2:30 he did return and Haynes got into the agent's car, which was driven to a point about a mile or two south of Murfreesboro on Highway 231 where they turned off on a gravel road and drove up the road a short distance and turned to the left into a field where they obtained the whiskey located in a stack or stash in weeds. Haynes assisted Shaw in putting the whiskey into the trunk of the agent's car.

On December 18, 1962, at about 11:00 o'clock, Shaw was driving south through Murfreesboro on the main highway, and at the intersection of South Vine Street, appellant was standing in a filling station and he yelled and motioned to him to come back. Shaw turned amound and parked his car near the filling station and appellant got into the car with him. He asked the agent why he had not contacted him and if he didn't want some more whiskey. Shaw told him that he did. Appellant said he could have fifty gallons at the same price of $6.00 per gallon. Shaw agreed to purchase it and drove his car south on Highway 41 in its direction from Murfreesboro where appellant and Haynes met him in a 1962 Grand Prix Pontiac automobile.

Appellant rode in the Government car with Shaw and Haynes drove the Pontiac away. Shaw and appellant drove on a road south of Murfreesboro for two or three miles, where they parked and waited for Haynes for about ten minutes, after which time appellant stated that he might as well go on to the stash "That if you are the law you have got me anyway." They then drove behind the Obed Strickland house and parked near a shed. The Pontiac was parked near the shed. Haynes came forward from behind the shed and stated to the appellant that he didn't have but forty gallons at that place. Haynes asked Shaw if he would take forty gallons instead of fifty, and Shaw replied that he would. Haynes and appellant helped load the whiskey into the trunk of the Government car. Appellant helped put a board and an old coat that was lying near between some of the jugs to keep them from breaking. Appellant led Shaw from the stash at Obed Strickland's house to the intersection of Highway 41 south of Murfreesboro where they separated.

Shaw paid appellant for the whiskey he purchased on December 18. He paid Haynes, at the request of appellant, for the whiskey purchased on December 7.

Appellant and Haynes obtained the whiskey on each occasion from a stash. On the first occasion, the stash was in a field and the second it was behind a shed.

Appellant denied selling any whiskey to Shaw, but admitted putting Shaw in

contact with Haynes as the source of supply.

The questions for consideration on this appeal are whether the evidence supports the verdict and whether the evidence shows as a matter of law that appellant was entrapped by Agent Shaw into possessing and concealing nontax-paid whiskey on December 7 and December 18, 1962.

The oral arguments were directed primarily to the entrapment question. Ordinarily, the question of entrapment is one for the jury. It is only when the evidence points to but one conclusion that it becomes a question of law. Sorrells v. United States, 287 U.S. 435, 452, 53 S.Ct. 210, 77 L.Ed. 413; Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848; Masciale v. United States, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859.

If the violations by the accused were "the product of the creative activity" of law-enforcement officials, the defense of entrapment would have merit. On the other hand, if the Government agents only afforded opportunities for violations and did not persuade an innocent person to violate the law, the entrapment defense would not have merit. Sherman v. United States, supra.

The law permits traps by law-enforcement officers for an unwary criminal, but does not permit them for the unwary innocent.

Persuasion is a factor in an entrapment defense. The element of persuasion is not present in this case. United States v. Klosterman, 248 F.2d 191, 195, 69 A.L.R.2d 1390 (C.A.3).

In testing the second question, namely, the sufficiency of a motion for an acquittal, the trial judge must view the evidence and reasonable inferences to be drawn therefrom most favorable to the Government. If he concludes that a reasonable mind may determine guilt beyond a reasonable doubt, the case must go to the jury. United States v. Conti, 339 F.2d 10, 13 (C.A.6).

The evidence in this case supports the verdict of the jury and the judgment of the lower court is, therefore, affirmed.