Ed W. Hancock, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

**Gregory DUMON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Rehearing Denied Jan. 19, 1973.

EDWARD P. HILL, Jr., Justice.

Appellant's single argument for a reversal is entrapment. He was charged and convicted under KRS 217.731 and 217.125 (possession of dangerous drugs—3,000 LSD pills (lysergic acid diethylamide)) and given five years' imprisonment and a fine of $5,000.

According to the evidence, D. R. Wiley, a police officer of Elizabethtown, Kentucky, and J. O. Sullivan, an undercover narcotics agent of the police department of Radcliff, Kentucky, struck up a conversation concerning the drug traffic in Elizabethtown. Both men seemed to have information that appellant, Gregory Dumon, of Detroit, Michigan, was implicated in the illegal drug traffic in large quantities in Hardin County. While acting in his ca-

pacity as an undercover narcotics agent, Sullivan twice was in contact with appellant—once in Hardin County and another time in Detroit. By the use of a telephone number given the two officers by an informer, Sullivan called appellant's Detroit number and, to make a long story short, arranged with appellant to meet Sullivan at the Louisville airport with 3,000 LSD pills or capsules. Pursuant to that telephone call and others, appellant, in the company of his wife, flew to Louisville, Kentucky, where they were met by Sullivan as arranged. They drove to Elizabethtown and stopped at a motel in a room adjoining a room in which Officer Wiley and another officer were concealing themselves until the pills were presented by appellant in readiness to exchange them for fifty cents each ($1,500); whereupon, Wiley and company walked in and made the arrest.

Appellant contends that Sullivan "treading under the guise of friendship, induced him to commit the crime charged" and cites Shanks v. Commonwealth, Ky., 463 S.W.2d 312 (1971), and Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed. 2d 848 (1958).

We can find no comfort for appellant in Shanks, wherein it was written at page 314 of 463 S.W.2d:

"It has long been the rule that the fact that a police officer hides his identity and solicits the purchase of illegal goods does not constitute illegal entrapment."

Neither do we discover solace for appellant in Sherman. There, Kalchinian, the man who set the trap, was a companion of Sherman. Both men were addicts getting their dope at the same place and discussed their mutual problems including plans to break the habit. Kalchinian encouraged Sherman to buy dope for the former as an act of friendship. After other similar acts, Kalchinian reported the matter to the proper authorities, who sprung the trap into the unrelenting jaws of which Sherman found himself. The present case presented no such inducement to appellant. He was merely given an opportunity to sell his "illegal goods" in wholesale lots to a man who did not identify his status as an officer of the law. Appellant was obviously willing and anxious to sell; so much so, he may have been somewhat reckless in not making a more complete check of his valued prospective customer.

We find Osborn v. United States, 385 U.S. 323 at page 331, 87 S.Ct. 429 at page 434, 17 L.Ed.2d 394 (1966), more in point, wherein it was written: "At the most, Vick's statement afforded the petitioner 'opportunities or facilities' for the commission of a criminal offense, and that is a far cry from entrapment." See also Masciale v. United States, 356 U.S. 386, 78 S. Ct. 827, 2 L.Ed.2d 859 (1958).

█ It is difficult to state an all-embracing rule which would define the course of conduct or provocation by government officers constituting entrapment. But as a general proposition, entrapment must have elements of encouragement, inducement, or persuasion to commit a criminal act which the person entrapped would not have otherwise done. Perhaps a better statement on entrapment may be found in 33 A.L.R. 2d Entrapment § 2, page 885.

█ It is concluded that there was no entrapment in the instant case and that the judgment must be and is affirmed.

All concur.