**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Raymond WELLS, Defendant-Appellant.**

No. 68921.

Supreme Court of Missouri,
En Banc.

June 16, 1987.

Sarah S. Pleban, Office of Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HIGGINS, Chief Justice.

A jury convicted Raymond Wells of three counts of receiving stolen property valued

at $150 or more, § 570.080, RSMo 1978. The court sentenced him as a prior offender, § 558.016, RSMo Supp.1984, to seven years on each count to run concurrently with his parole revocation. This Court granted transfer to examine the trial court's refusal to give an entrapment instruction. Reversed and remanded.

■ In deciding if the evidence supports the submission of an entrapment instruction, the court should confine itself to the testimony favorable to defendant. *State v. Taylor*, 375 S.W.2d 58 (Mo.1964). The jury alone must pass upon the credibility of the witnesses. *Id.* at 59. The following facts reflect that perspective.

Detective Jeffrey Rozelle testified that he worked as an undercover officer for Operation Recrush, buying stolen cars and parts. In August and September of 1984, Wells sold him three cars stolen from Avis Rent-A-Car. During the time that Wells sold the cars and the time preceding, he worked part-time at Avis, earning $65 per week. His impoverished condition forced him to live in a condemned house without gas or telephone and without water in the winter months. Robert Marshall, a police informant, who received $13,000 at the completion of Operation Recrush, had become acquainted with Wells through his frequent visits to Wells's neighborhood. Marshall and Wells often talked about Wells's deplorable living conditions. In the winter and spring of 1984, Marshall began encouraging Wells to sell cars to Rozelle. Wells refused Marshall's frequent initial requests.

On August 10, 1984, Detective Rozelle set up a meeting with Oscar Stegal regarding the sale of a car. Stegal asked the detective not to tell Marshall about the meeting. Rozelle first met and bought a car from Wells at this time. The taped record of this meeting indicates that Rozelle did most of the talking. As Wells was leaving the meeting, Rozelle called him back to give him his phone number so he could "keep in touch" with him. On August 20, 1984, Wells telephoned Rozelle and set up the sale of another automobile. Wells set up a final sale on September 6, 1984. At this meeting Marshall accompanied Rozelle. Wells testified that Stegal did not want Marshall to know about the first sale because they had argued over who should get a cut from the cars that Wells sold.

During this time Rozelle had asked Wells on several occasions if he could find someone to buy stolen auto parts or if he would sell federal I.D. stickers. Wells did not agree to participate in either type of transaction and did not know what federal I.D. stickers were before the detective spoke to him. Wells did try to sell Rozelle another car, which Rozelle turned down because he wanted only Cadillacs. In late September of 1984 Wells obtained full-time employment at Avis and made no further attempts to sell cars.

■ Missouri has adopted the subjective test on entrapment. *State v. Willis*, 662 S.W.2d 252 (Mo. banc 1983), § 562.066, RSMo 1986. A defendant must present evidence supporting both the "inducement to engage in unlawful conduct and the absence of a willingness to engage in such conduct." *Willis*, 662 S.W.2d at 255. Appellant's testimony supported his claim of inducement by Marshall, a paid informant. The police must take responsibility for the actions of its informant performed within the apparent scope of his employment. *Sherman v. U.S.*, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); *State v. Decker*, 321 Mo. 1163, 14 S.W.2d 617 (Mo.1929). Appellant's testimony also showed that Marshall and Stegal were associated and vied with each other for the opportunity to take a cut from the sale of stolen cars. It makes no difference that appellant, having been drawn into the offense by Marshall, finally made the first sale through Stegal. The sale with Stegal remains part of the course of conduct which was the product of the inducement. *Sherman*, 356 U.S. at 374, 78 S.Ct. at 822.

■ The test also requires a showing of appellant's lack of predisposition to commit the offense. *Willis*, 662 S.W.2d at 255. This requires an examination of appellant's background and his reluctance to commit the offense. *Sherman*, 356 U.S. at 375, 78 S.Ct. at 822; *U.S. v. Lard*, 734 F.2d 1290 (8th Cir.1984). The evidence indicated that

appellant had received a life sentence for murder and robbery in 1969. He was incarcerated for those offenses from 1967–1979 and was paroled at the age of 39. He had spent 5½ years on parole prior to selling the three cars. Although appellant could not be considered a naive first-offender, his earlier convictions, when considered in light of his 5½ years on parole, are insufficient to prove his readiness to sell stolen automobiles. *Sherman*, 356 U.S. at 375, 78 S.Ct. at 822. Appellant's testimony also indicated that Marshall, knowing of appellant's dire financial situation, had repeatedly encouraged him to sell stolen cars. It is reasonable to believe that Marshall finally overcame appellant's reluctance and persuaded him to sell the cars to ease his financial burden. In *Masciale v. U.S.*, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958), the petitioner presented sufficient evidence of lack of predisposition through his testimony that a government informant had used the lure of easy money to persuade him to sell narcotics. *Id.* at 388, 78 S.Ct. at 828–29. The law gives a defendant the right to an instruction on any theory of his case which the evidence tends to support. *State v. Wooten*, 498 S.W.2d 562 (Mo.1973). Where the testimony of the accused, at face value, supports the defense it becomes a question for the jury. *Taylor*, 375 S.W.2d at 59. Appellant met his initial burden of establishing the existence of both aspects of the entrapment test and was entitled to an instruction on his theory. The trial court committed reversible error in not submitting the question to the jury. *State v. Betts*, 646 S.W.2d 94 (Mo. banc 1983).

Appellant presents three other contentions, none of which is likely to recur in the same context. For that reason, they need not be considered.

Because of the failure to give an entrapment instruction, the judgment is reversed and the cause is remanded.

All concur.