# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50788
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMIAH YBARRA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-523-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Jeremiah Ybarra appeals the jury's verdict that he was guilty of aiding and abetting possession with intent to distribute five grams or more of methamphetamine.  He challenges the sufficiency of the evidence supporting the jury's finding that he was not entrapped by the efforts of a government informant and an undercover officer.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50788

Where entrapment is at issue, the Government must prove beyond a reasonable doubt that the defense does not apply. *Jacobson v. United States*, 503 U.S. 540, 548-49 (1992). There are two elements: government inducement of the crime and a lack of predisposition on the part of the defendant. *Mathews v. United States*, 485 U.S. 58, 63 (1988). Where, as here, the jury was instructed on entrapment and rejected the defense, this court views the facts in the light most favorable to the verdict and will reverse only if no rational jury could have found either lack of government inducement or the defendant's predisposition to commit the crime. *See United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001). Thus, even assuming government inducement here, we will affirm Ybarra's guilty verdict if there was sufficient evidence for the jury to find that he was predisposed to commit the offense. *See Mathews*, 485 U.S. at 63; *Reyes*, 239 F.3d at 739. The determination depends on whether he was an "unwary innocent" or an "unwary criminal who readily availed himself of the opportunity to perpetrate the crime." *Mathews*, 485 U.S. at 63 (internal quotation marks and citations omitted).

According to Ybarra, he was not predisposed but was an unwary innocent because he did not receive any financial benefit from arranging the drug buy and he resisted efforts by the confidential informant and the undercover officer to get him to participate. Ybarra argues that the informant and the undercover officer took advantage of his drug addiction and caused him to relapse and return to drug activity. He also relies on the Government's use of his close childhood friend, the informant, to induce his participation.

The majority of Ybarra's arguments are supported solely by his own testimony, which provided the only evidence that a close childhood friend who was a government informant instigated Ybarra's participation in the drug offense by playing the "family card," that Ybarra initially hesitated before

getting involved, and that he had no financial motive for participating. The uncorroborated testimony of a defendant, by itself, is insufficient to overcome the jury's verdict and establish entrapment as a matter of law because the jury is "entitled to disbelieve him . . . and so find for the Government on the issue of guilt." *Masciale v. United States*, 356 U.S. 386, 388 (1958); *see also United States v. Mora*, 994 F.2d 1129, 1137 (5th Cir. 1993) ("Generally speaking, a defendant's testimony cannot by itself establish entrapment as a matter of law because, absent unusual circumstances, the jury is almost always entitled to disbelieve that testimony.").

Moreover, even assuming a family friend working as government informant repeatedly asked Ybarra to commit the offense, neither this "nor any other court has held that inducement-through-friendship, standing alone, is sufficient to find entrapment as a matter of law." *Reyes*, 239 F.3d at 741. We also note that the reason Ybarra's friend wanted help arranging the drug deal—so that the friend could gain recognition as a drug dealer—might be compelling to an unwary criminal but would not be compelling to an unwary innocent person. *See Mathews*, 485 U.S. at 63. Thus, the nature of the inducement also weighs in favor of finding predisposition. *See Reyes*, 239 F.3d at 739.

Ybarra's suggestion that he participated in the offense because the undercover officer and the informant took advantage of his weakness as a drug addict and caused him to relapse is undermined by the testimony of his probation officer that Ybarra was clean at the time of the instant offense on July 29, 2016. Indeed, according to the probation officer, Ybarra remained clean from November 2015 through approximately October 2016—months after his relationship with the undercover officer ended.

No. 17-50788

Importantly, this is not a case where the record was "devoid of evidence that [the defendant] had ever shown an interest or willingness to participate in a drug deal before he met [the government informant]." *United States v. Theagene*, 565 F.3d 911, 920 (5th Cir. 2009) (internal quotation marks and citation omitted). Instead, Ybarra's prior drug trafficking conviction indicated that he was someone willing to participate in a drug deal and that he was knowledgeable and experienced in that area, both of which supported the jury's finding of predisposition. *See Reyes*, 239 F.3d at 739. The prior conviction for a similar crime was "strongly relevant to the issue of predisposition." *United States v. Parrish*, 736 F.2d 152, 156 (5th Cir. 1984).

The jury also heard evidence that Ybarra was eager to participate in the offense: a recorded phone call between Ybarra and the undercover officer reflected that Ybarra was offered the chance to walk away from the deal, but he insisted on brokering it. *See Reyes*, 239 F.3d at 722. Additionally, upon his arrest, Ybarra further demonstrated knowledge and experience with drug dealing in his interviews with law enforcement. *See id.* at 739. His willingness to take the risk of engaging in drug activity while on supervised release similarly reflected a predisposition toward the offense. *See id.*

For all of these reasons, the evidence was sufficient for a rational jury to find beyond a reasonable doubt that Ybarra was predisposed to commit the drug offense and that, therefore, he was not entrapped. *See Reyes*, 239 F.3d at 739. The judgment of the district court is AFFIRMED.