Henry GRILLO, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Saul GLASSMAN, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Paul A. GORIN, Defendant, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 6256, 6262, 6264.

United States Court of Appeals First Circuit.

Heard May 4, 1964.

Decided Sept. 17, 1964.

Manuel Katz, Boston, Mass., with whom Paul T. Smith, Boston, Mass., was on brief, for Henry Grillo, appellant.

James D. St. Clair, Boston, Mass., with whom Hale & Dorr, Boston, Mass., was on brief, for Saul Glassman, appellant.

Francis J. DiMento, Boston, Mass., with whom DiMento & Sullivan, Boston, Mass., was on brief, for Paul A. Gorin, appellant.

John J. Curtin, Jr., Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., and William F. Looney, Jr., Asst. U. S. Atty., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This court on a previous appeal considered and rejected a number of contentions advanced by these appellants. We remanded, however, for a new trial for what we considered to be an error in the charge with respect to the burden of proof on the issue of entrapment. Gorin v. United States, 313 F.2d 641 (C.A.1, 1963). At the second trial the court charged in accordance with our opinion but the appellants fared no better and they have again appealed.

We reaffirm our previous holdings. Only a few matters require consideration on this appeal.

■ In our opinion on the previous appeal we set out the charges laid against these defendants-appellants and the facts adduced at the first trial in some detail. Repetition here would serve no useful purpose. It will suffice to say that entrapment was a principal if not the major issue at both trials. On the previous appeal the appellants contended that the evidence established entrapment as a matter of law whereas the government contended that the evidence failed even to raise the issue. We rejected both contentions and agreed with the district court that the evidence as to entrapment raised an issue for the jury. The same contentions are presented on this appeal and again we reject them. The principal difference between the evidence at the two trials is that the defendant Glassman elected to testify at the first trial but did not take the stand at the second. This weakened the evidence of entrapment. Perhaps it weakened that evidence to the point of supporting the government's contention. But we can give the appellants the benefit of the doubt, as the district court did by submitting the issue to the jury a second time.

■ Another contention now advanced is that the court below erred in not striking and withdrawing from the consideration of the jury certain alleged overt acts on the ground that the evi-

dence established that the alleged conspirators who perpetrated the acts had been entrapped into committing them. We reject the contention. The most that can be said of the evidence is that the government agents left the door unlocked for the perpetrators of the acts to lift the latch and walk in. That is not entrapment.

Another contention is that the court below erred in admitting in evidence a verbatim copy of notations on a piece of yellow paper found in Glassman's possession when he was arrested.

Glassman was taken into custody on a warrant of arrest, the validity of which is not challenged, by an inspector of the Internal Revenue Inspection Service of the United States Treasury Department and a Deputy United States Marshal. The arresting officers took Glassman to the United States Marshal's office in Boston and asked him to put his personal effects on a desk. Glassman complied. The inspector then asked Glassman to empty the contents of his wallet. Glassman did so in part but the inspector, noticing that some papers were still in Glassman's wallet, asked to see them all. Glassman said that the papers remaining in his wallet were personal and unimportant, but the inspector said he would like to see them anyway. Thereupon Glassman produced a sheet of yellow paper with figures and notations on it showing the division of Bergman's fee between the alleged conspirators and the dates and amounts of the payments made by Glassman to McCaffrey as stated in our previous opinion. The inspector copied the yellow paper verbatim and the copy was admitted in evidence over the appellants' objections.

The appellants do not contend that the search of Glassman's person upon his arrest was illegal. Nor can they. "Where one had been placed in the custody of the law by valid action of officers, it was not unreasonable to search him." United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 432, 94 L.Ed. 653 (1950), citing Weeks v. United States, 232 U.S. 383, 392, 34 S. Ct. 341, 58 L.Ed. 652 (1914).

Their contention is that the yellow paper was a private document wanted only as an item of evidence to aid in obtaining a conviction and as such could not be lawfully seized under the rule of United States v. Lefkowitz, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877 (1932), and similar cases. We do not agree. It seems to us that the memorandum was as admissible in evidence as the books of account and utility bills held properly admitted in Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927), or the false documents held admissible in Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960). But however that may be, there was no rummaging about for the paper as in Lefkowitz. The agent saw papers remaining in Glassman's wallet and Glassman handed the yellow paper over voluntarily by acceding without objection to the officer's civil request to look at it. There is no evidence that the arresting officers used any threats or held out any promises of reward to obtain the paper or to copy it. Nor can it be assumed that Glassman handed over the paper in ignorance of his rights, or that he was intimidated by the mere request of the officers. Glassman was a member of the Massachusetts Bar and a colonel in the United States Marine Corps Reserve. If he had any right to refuse inspection of the yellow paper, he waived it by voluntarily giving the paper to the officer.

The appellants' objections to the admission and exclusion of evidence present no questions of substance whatever. The rulings made were either clearly correct as a matter of law or well within the discretion of the district judge. Discussion of the rulings in detail would serve no useful purpose.

Judgment will be entered affirming the judgments of the District Court.