**UNITED STATES of America,**
**Appellee,**

v.

**Susanna TORRES, Appellant.**

**No. 394, Docket 28738.**

United States Court of Appeals
Second Circuit.

Argued March 17, 1965.

Decided March 31, 1965.

---

John A. Stichter, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, on the brief; Charles A. Stillman, Asst. U. S. Atty., of counsel), for appellee.

George H. MacLean, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and MOORE and MARSHALL, Circuit Judges.

MOORE, Circuit Judge.

Susanna Torres was indicted on March 1, 1963, for violation of 21 U.S.C.A. §§ 173, 174. After a trial in July 1963 before the court, sitting without a jury, she was convicted and sentenced to five years' imprisonment. She appeals.

The sale of narcotics was made on November 21, 1961. Torres was arrested on September 25, 1962, 10 months later, was released on her own recognizance and was indicted about 4 months later. These time lags were insufficient to amount to violations of Torres' constitutional and statutory rights to a speedy trial and to due process. See United States v. Wilson, 342 F.2d 43 (2d Cir. 1965); United States v. Simmons, 338 F.2d 804, 806–807 (2d Cir. 1964). There is not even a suggestion that she could have been arrested any sooner.

Nor are the time lags between the arrest and indictment and the trial exceptionable. The lengths were not undue. Nothing in the record even remotely suggests that they were "purposive or oppressive." No request for an earlier trial was made. And no prejudice is apparent. Torres purported to remember quite distinctly the events of November 21st as did the agents. That their recollections clashed does not mean that they were tainted by the passage of time. As for the "special employee," Torres' trial counsel's attack on his credibility suggests the more likely cause for his imperfect recollection. See generally, United States v. Wilson, supra; United States v. Simmons, supra, 338 F.2d at 807–808. Nor is the conviction vitiated by the overall passage of time between the offense and the trial.

Torres' claim that the Government's entrapment entitled her to a directed verdict of acquittal is without merit. The defense of entrapment could go to the trier of fact if the evidence would permit a finding that the Government "induced" the defendant to make the sale. On the facts of this case the defense could not be established as a matter of law if the evidence also permitted a finding of the requisite "predisposition." See Gorin v. United States, 313 F.2d 641, 653–54 (1st Cir.), cert. denied, 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963), adhered to after new trial, 336 F.2d 211, 212, (1st Cir. 1964), cert. denied 379 U.S. 971, 85 S.Ct. 669, 13 L.Ed.2d 563 (1965); Whiting v. United States, 321 F.2d 72–75–76 (1st Cir.), cert. denied, 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963). Here the trial judge was entitled to find that

Torres was predisposed to make the sale and, in any case, that the Government did not induce the sale. As he observed, despite her contradicted protestations, Torres was the victim of "commercialism, not entrapment."

Torres now objects to the admission in evidence of statements made by her about 15 minutes before she was taken before the Commissioner. However, her trial counsel, who was experienced in federal criminal trials, made no objection on the basis of Fed.R.Crim.P. 5(a). That is more than adequate reason for our refusal to consider the issue here for the first time. The absence of an objection precluded a *voir dire* that would have been necessary to develop the essential background. See United States v. Ladson, 294 F.2d 535, 538–540 (2d Cir. 1961), cert. denied, 369 U.S. 824, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962). What little there is in the record indicates that the officers acted as they should and that the statements were voluntary.

Affirmed.