**UNITED STATES of America,**
**Appellee,**

v.

**Albert THOMAS, Appellant.**

**No. 48, Docket 29250.**

United States Court of Appeals
Second Circuit.

Submitted Sept. 23, 1965.

Decided Oct. 21, 1965.

———◆———

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, Robert G. Morvillo and Hugh C. Humphreys, Asst. U. S. Attys., for appellee.

Ira H. Holley, New York City, for appellant.

Before MOORE, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Defendant-appellant Thomas was convicted for a violation of 21 U.S.C. §§ 173, 174 (receive, sell, etc., illegally imported narcotics), after trial without a jury in the Southern District of New York, Thomas F. Murphy, District Judge, and appeals. We find no error and affirm the judgment.

The testimony was conflicting. The Narcotic Agent testified that he and an informer discussed the purchase of narcotics from defendant with defendant, and later agreed to a purchase and sale. The agent paid defendant, and defendant told him where to find the narcotics. The agent got them and returned. Defendant and the informer left together, and after they separated, the informer was searched by agents with negative results.

Defendant testified that he never met the agent at the time the agent said they discussed a transaction, and that later he was pretending to sell to the informer's customer at the latter's request, and after defendant had first refused. He

also testified that the price was paid to the informer, not to him.

 Defendant raises the entrapment issue, and also claims he was a mere sub-agent of the informer. The two defenses are "inextricably linked," United States v. Winfield, 341 F.2d 70 (2 Cir. 1965). In Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958), the Court held that the undisputed testimony of government witnesses established entrapment as a matter of law. There, an informer testified he encountered refusal, evasiveness, and hesitancy, and that he eventually used sympathy to persuade defendant. Here defendant argues that his undisputed testimony, and the failure of the government to call the informer, meant that entrapment was established as a matter of law. It is true that once defendant properly raises entrapment, by a mere preponderance of evidence, United States v. Pugliese, 2 Cir., 346 F.2d 861, 863, decided 6/8/65, the government must show the defendant's willingness. United States v. Sherman, 200 F.2d 880 (2 Cir. 1952); United States v. Masciale, 236 F.2d 601 (2 Cir. 1956), aff'd 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed.2d 859 (1958); United States v. Torres, 343 F.2d 750 (2 Cir. 1965); Hansford v. United States, 112 U.S.App.D.C. 359, 303 F.2d 219 (1962). Presumably once entrapment is undisputedly shown by government witnesses, as in Sherman v. United States, supra, the government would have to introduce testimony to show willingness. But the rule is otherwise when defendant himself raises entrapment in his testimony. The trier, here Judge Murphy, is permitted to disbelieve him, and did. In Masciale, the Court stated, "Petitioner argues that [his] undisputed testimony explained why he was willing to deal with Marshall [the agent] and so establishes entrapment as a matter of law. However * * * [the jury was] entitled to disbelieve him * * *." And in Pugliese, defendant said he sold for the informer, and turned the money over to him. The court, citing Masciale, said the jury could disbelieve him. Pugliese is identical to the present case.

 Defendant's agency theory fails for the same reason as the entrapment defense: the trier was entitled to disbelieve him. In Henderson v. United States, 261 F.2d 909 (5 Cir. 1959), Kelley v. United States, 107 U.S.App.D.C. 122, 275 F.2d 10 (1960), and Adams v. United States, 220 F.2d 297 (5 Cir. 1955), defendant successfully argued he was an agent for the buyer, an informer or policeman. Here the court did not credit the claim, so we reach no question as to its legal sufficiency. See also United States v. Valdes, 229 F.2d 145 (2 Cir. 1956), cert. den. 350 U.S. 996, 76 S.Ct. 546, 100 L.Ed. 861.

The judgment is affirmed.