**UNITED STATES of America,
Appellee,**

v.

**Juan R. VELASQUEZ, Appellant.**

**No. 309, Docket 28712.**

United States Court of Appeals
Second Circuit.

Argued March 31, 1966.

Decided July 18, 1966.

———————

John A. Stichter, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, and Neal J. Hurwitz, Asst. U. S. Atty., New York City, on the brief), for appellee.

Joshua N. Koplovitz, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM.

Juan R. Velasquez appeals his conviction by a jury in the Southern District of New York and a seven-year sentence for selling narcotics in violation of 21 U.S.C. §§ 173 and 174. As his claims of error concerned the applicability of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) to the use on cross-examination and rebuttal of a pre-arraignment statement elicited from him by an assistant government prosecutor, we withheld judgment to await Supreme Court pronouncement in cases then pending before it.

Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, decided June 20, 1966, held that any teaching of *Escobedo* is not to be applied to cases tried prior to the decision of that case, June 22, 1964. As Velasquez' trial occurred in April 1963, we have examined the claims of error on principles then governing the questioning of suspects and, finding no impropriety in the manner of questioning or any other error, we affirm the conviction.

█ Velasquez was arrested at 11:00 A. M. on February 5, 1963 immediately after his appearance in a state court in connection with a state narcotics prosecution. At 12:15 P. M. he was questioned by an Assistant United States Attorney after he had been advised of his rights, and stenographic notes were taken. He was arraigned an hour later. We find that the statements made were voluntary and admissible as the product of non-coercive questioning.

█ On appeal the defendant claims that the statements had been obtained during a period of unnecessary delay in arraignment in violation of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); United States v. Middleton, 344 F.2d 78 (2 Cir. 1965). As no objection on this ground was made at the trial when the government sought to use the statements we need not examine this claim made for the first time on appeal. United States v. Del Llano, 354 F.2d 844 (2 Cir. 1965);

United States v. Torres, 343 F.2d 750 (2 Cir. 1965); United States v. Ladson, 294 F.2d 535 (2 Cir. 1961), cert. denied, 369 U.S. 824, 82 S.Ct. 840, 7 L.Ed.2d 789 (1962).

We have also examined the claim that the trial judge may have erred in refusing to make available to the defense certain portions of five statements of government witnesses, pursuant to 18 U.S.C. § 3500, and find no error.

Conviction affirmed.