**Ray Vernon EMMONS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 68–593.**

United States District Court
D. Oregon.

Dec. 19, 1968.

---

**1144**

Ray Vernon Emmons, pro se.

Sidney I. Lezak, U. S. Atty., District of Oregon, Portland, Or., for the Government.

———◆———

1. United States of America v. Ray Vernon Emmons, No. CR 68–88.

## OPINION AND DISMISSAL

KILKENNY, District Judge:

Petitioner, under the provisions of 28 U.S.C. § 2255, challenges the judgment of commitment and sentence entered in this Court on August 28, 1968. The judgment is assailed on two grounds: (1) that he was denied a speedy trial, and (2) that his second trial constituted double jeopardy.

In the light of the record before me on what transpired in the criminal case,[1] I find that it is not necessary to conduct a hearing on petitioner's charges.

### FACTS

Petitioner was arrested on October 18, 1967, and brought before the United States Commissioner to answer a complaint issued by the Commissioner on the same date, charging him with committing the crime of bank robbery. A lawyer was appointed for him the following day. On November 17, 1967, petitioner sought the appointment of a psychiatrist. Subsequently, certain correspondence was had between the Court and petitioner's counsel, relating to the proper statute under which to file a motion for appointment. On December 27, 1967, petitioner's counsel filed a motion for a psychiatric examination pursuant to 18 U.S.C. § 4244 and an order was issued on said date directing that petitioner be examined by Dr. Norman N. Janzer. The latter's examination of petitioner was not completed, nor the report of the examination received by the Court, until February 16, 1968. On March 8th, of the same year, petitioner filed a motion to dismiss the Commissioner's complaint pursuant to 48(b), F.R.Crim.P., on the ground that there had been an unnecessary delay. The motion was heard and denied by the Court on March 13, 1968, on condition he would be released if not indicted by April 1, 1968.

An indictment charging the defendant with bank robbery [2] was returned by the

2. 18 U.S.C. § 2113(a).

Grand Jury on March 29, 1968. Petitioner was arraigned on April 3rd, entered a plea of not guilty and the trial was set for April 25, 1968. The trial commenced on that date. The case was submitted and the jury retired at 9:20 A.M. the following day. At 12:10 P.M. the jury asked for additional instructions. After such instructions, the jury went to lunch and returned for deliberation at 1:40 P.M. At 4:10 P.M., the jury returned and asked for the testimony of an F.B.I. Agent. The jury returned to deliberate at 4:15 P.M. At 4:30 P.M. they returned and the Court Reporter read to them the testimony of the F.B.I. Agent. The jury retired for further deliberation at 4:48 P.M. At 5:40 P.M., the jury returned and when asked by the Court if they were any closer to a verdict, the foreman stated that they could not reach a verdict, or words to that effect. Thereupon, the Court declared a mistrial on the ground that the jury was unable to reach a verdict and stated that the case would be set for retrial at a later date.

The retrial was held on August 1, 1968, as a result of which the jury returned a verdict of guilty against petitioner.

On August 21, 1968, when petitioner appeared for sentencing, he was advised that the Court was considering placing him on probation, providing that he place himself in the Veterans Administration facility at White City, Oregon. Petitioner reappeared for sentencing on August 28, 1968, at which time the Court advised petitioner that a check with the authorities at the Veterans Administration indicated that the facility did not exercise any type of restraint over its inmates and that the petitioner was, in fact, out without leave at the time he robbed the bank in question. Thereupon, petitioner was sentenced to a term of imprisonment of six years under the provisions of 18 U.S.C. § 4208(a) (1), in which the Court fixed 18 months as the minimum term, at the expiration of which, petitioner would be eligible for parole. At the same time, it was adjudged that petitioner receive credit for the period of time that he had been in custody.

## DELAY

█ There is nothing in the record which even remotely suggests that the delay was in any way caused by the Government. Four months of the time before the first trial was consumed in connection with the appointment, examination and report of a psychiatrist, who was appointed on the petitioner's own motion. Petitioner's first trial was held within two months of the psychiatrist's report and within less than one month after the Indictment was returned. Petitioner's second trial was held approximately three months subsequent to the first. The Court takes judicial notice of the fact that our trial calendars are fixed from two and one-half to three months in advance and, although we give special preference to the early trial of criminal cases, it is only when another case has been settled that we can advance a criminal case on our calendar.

█ On the undisputed record, I find that the failure of the Government to indict the petitioner, or to bring the petitioner to trial, at an earlier date, was neither purposeful nor deliberate within the meaning of Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). Practically all of the delay was caused either by petitioner, or his psychiatrist, or by the somewhat congested condition of the trial calendar. The fact that the first trial was held within a month of the indictment, only proves that, on occasion, the calendar clerk is favored with the settlement of a case or other calendar opening.

In Nickens v. United States, 116 U.S. App.D.C. 338, 323 F.2d 808 (1963) a remarkably similar set of facts was presented. In that case, the mental examination accounted for a considerable period of time. The first trial resulted in a hung jury. Nine months elapsed between the arrest and the second trial. The Court there held there was no unnecessary de-

lay. Cohen v. United States, 366 F.2d 363, 367 (9th Cir. 1966) is authority for the statement that a constitutional violation will seldom, if ever, be declared unless the delay lasts over one year. The Second Circuit has recently approved a delay of ten months, United States v. Torres, 343 F.2d 750 (2d Cir. 1965), and nine months, United States v. Simmons, 338 F.2d 804, 807 (2d Cir. 1964).

 Moreover, the petitioner, although warned of his right, did not appeal. The alleged denial of his right to a speedy trial was available to him on an appeal. Section 2255 may not be invoked to relitigate questions which were, or should have been, raised on a direct appeal from a judgment of conviction. United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965); Anthony v. United States, 331 F.2d 687, 693 (9th Cir. 1964) and Dodd v. United States, 321 F.2d 240, 243 (9th Cir. 1963).

There is no merit to petitioner's contention that he was denied a speedy trial.

### DOUBLE JEOPARDY

 An exception to the double jeopardy prohibition exists where the jury, after proper deliberation, is unable to agree, and a second trial results. Downum v. United States, 372 U.S. 734, 735, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963); Howard v. United States, 372 F.2d 294, 298 (9th Cir. 1967); Forsberg v. United States, 351 F.2d 242 (9th Cir. 1965); Oelke v. United States, 389 F.2d 668 (9th Cir. 1967), cert. denied 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 286 (1968). Petitioner does not deny the bank robbery. The original jury was in disagreement, not on whether the defendant robbed the bank, but on the issue of whether he was so intoxicated that he could not form the necessary intent to commit the crime.

The above are my findings and conclusions. The petition for relief under 28 U.S.C. § 2255 must be denied and this proceeding dismissed.

It is so ordered.