**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie B. BURGESS, Defendant-Appellant.**

No. 30138

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 11, 1970.

Jim Hudson, Athens, Ga., for defendant-appellant.

William J. Schloth, U. S. Atty.; Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Appellant was convicted of possessing distilled spirits on which the tax had not been paid in violation of 26 U.S.C. § 5205(a) (2) and § 5604(a). At his trial appellant testified before the jury that a government undercover agent made several visits to his home and informed appellant that a case of whiskey was needed so that it might be resold in the next county to obtain money for the agent's family which was allegedly ill

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* ▪ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

and hungry. The whiskey was then sold, according to appellant, because of this strong plea to his humanitarian instincts.

 In this appeal the only contention is that the evidence before the jury was insufficient to establish the offense charged due to appellant's uncontroverted testimony that these inducements were offered.

However, the defense of entrapment is not established as a matter of law when, as in this case, the only evidence of such entrapment is the defendant's own undisputed testimony. Masciale v. United States, 1958, 356 U.S. 386, 78 S. Ct. 827, 2 L.Ed.2d 859; United States v. Thomas, 2 Cir., 1965, 351 F.2d 538, 539. The jury simply decided to disbelieve appellant in preference to the other evidence offered by the Government, that indicated defendant was not entrapped, and since we do not find that evidence incredible, the verdict of the trier of fact must stand. See United States v. Grimes, 5 Cir., 1970, 426 F.2d 706.

Affirmed.