**UNITED STATES of America, Plaintiff,**

v.

**Charles BECKHAM, Defendant.**

**Crim. No. 83CR60070DT.**

United States District Court,
E.D. Michigan, S.D.

May 4, 1983.

Leonard R. Gilman, U.S. Atty., Detroit, Mich., for plaintiff.

Deborah J. Gaskin, Detroit, Mich., for Beckham.

Thomas O'Brien, Ann Arbor, Mich., for Bowers.

Richard E. Zuckerman, Troy, Mich., for Ferrantino.

Neil Fink, Detroit, Mich., for Cusenza.

David Dumouchel, Detroit, Mich., for Valentini.

MEMORANDUM OPINION

DeMASCIO, District Judge.

On February 3, 1983, a grand jury returned a fourteen count indictment against

Charles Beckham, Darralyn C. Bowers, Michael Ferrantino, Sam Cusenza and Joseph Valentini. Two of the counts charged defendants with conducting the affairs of several corporations through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c), (d) and 1963(a)(1), (2). Because of the possibility of forfeiture of defendants' properties pursuant to 18 U.S.C. §§ 1963(a)(1) and (2), the government filed a motion, on February 4, 1983, for a restraining order and/or establishment of a performance bond. The purpose of the motion was to assure the government that defendants would not dispose of their interests in various sludge-related corporations during the course of the criminal proceedings. The government relies on 18 U.S.C. § 1963(b), which gives the court power to enter such a restraining order.

In response to the government's motion, defendants argued that no restraints could be placed on the disposition and handling of their properties without the court first conducting an evidentiary hearing. At the hearing, defendants contended that the applicable standard was that enunciated by the Ninth Circuit when it outlined the conditions that must be met before a court can issue a restraining order during criminal proceedings based on RICO violations. *United States v. Spilotro*, 680 F.2d 612 (9th Cir.1982); *see United States v. Crozier,* 674 F.2d 1293 (9th Cir.1982); *United States v. Long,* 654 F.2d 911 (3d Cir.1981) (standards under the Continuing Criminal Enterprise statute). In *Spilotro,* the court held that:

> The government's burden in obtaining a restraining order in a RICO prosecution is similar to that in a continuing criminal prosecution:

> Before a Court can issue such a restraining order .... the government must demonstrate that it is *likely* to convince a jury, *beyond a reasonable doubt* of two things: one, that the *defendant is guilty* of violating the Continuing Criminal Enterprise statute and two, that the ... properties at issue are subject to forfeiture under the provisions of [the statute]. [Citations]. In addition, these determinations must be made on the basis

of a full hearing; the government cannot rely on indictments alone. *United States v. Long,* 654 F.2d at 915.

*United States v. Spilotro,* 680 F.2d at 618 [emphasis added]. The Ninth Circuit has, therefore, determined that a court prior to the issuing of any restraining order in connection with a RICO prosecution must first determine whether a jury is likely to find defendants guilty beyond a reasonable doubt. This court cannot apply such a standard.

On February 16, 1983, a hearing on the government's motion was conducted. At the conclusion of the hearing, the parties engaged in informal negotiations, and subsequently stipulated to the entering of a restraining order which this court signed, because it believed that the proper standard for the restraining of properties pending a trial based on RICO violations had been met. Because of the stipulation, there was no need to conduct an evidentiary hearing on the matter.

As we have already indicated, we cannot adopt the standard outlined in *Spilotro, supra.* We find it difficult to apply with any degree of precision. There is simply no way we can glean whether it is probable that the government can convince a jury beyond a reasonable doubt that the defendants have violated the criminal RICO statute. A trial judge cannot place himself/herself in the position of a jury. In passing upon a motion for judgment of acquittal in a criminal case, a court is not asked to put itself in the place of a jury. The standard that is applied is one that is capable of application. In passing upon a motion for judgment of acquittal,

> the trial judge must view the evidence and reasonable inferences to be drawn therefrom most favorable to the government. If he concludes that a *reasonable mind may* determine guilt beyond a reasonable doubt the case must go to the jury

*United States v. Gaines,* 353 F.2d 276, 278 (6th Cir.1965) (emphasis added); Fed.R. Cr.P. 29(a).

This well-established rule for deciding a motion for judgment of acquittal shows that even in the actual criminal trial, a trial judge cannot substitute his/her judgment for that of the jury. A judge is not asked to determine whether a reasonable jury would determine guilt beyond a reasonable doubt, but whether a reasonable mind could find such a level of guilt. It would be even more inappropriate for a judge, in deciding upon a motion for a restraining order, to utilize the standard outlined in *Spilotro.* Not only is a judge incapable of evaluating what is likely to convince a jury, but such a standard requires a court to conduct a mini-trial on a defendant's guilt. Such a standard is extremely cumbersome and likely to taint a later jury trial, especially in a case as highly publicized as this one. It is important to emphasize that by issuing a restraining order, a trial judge is not ordering the forfeiture of the property; forfeiture occurs only upon a conviction. We are not minimizing the impact of a restraining order on a defendant's property interest. It is clear that before the issuance of such an order, that procedural due process must be afforded a defendant. *See Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

We believe that in an evidentiary hearing the government must prove by clear and convincing evidence that the property which it is seeking to restrain was involved in a RICO violation; that the property at issue would be subject to forfeiture under the provisions of the statute; and that the government has reasonable grounds to believe that defendant is likely to make the property inaccessible to the government prior to the conclusion of the trial. This test focuses on the property, not the defendant. We realize that the ultimate forfeiture is a punishment against the person, not the property. Nevertheless, in applying a rule at this stage of the proceedings, we are only concerned that the property remain available to the government in the event a jury does convict the defendants. Again, we note that a restraining order does curtail the property interest of a defendant. That is why the government must prove at an evidentiary hearing by clear and convincing evidence that the property it is trying to restrain was involved in a RICO violation. In many cases, a defendant's activities will be used as evidence at the hearing. One often cannot isolate the property and the actions of a defendant. Yet the standard does not require a judge to conduct a mini "jury" trial on the issue of defendant's guilt. An example of how this test would be applied can be shown in the setting of an offense involving a drug ring. If the government wanted to seize a ship during the course of the criminal proceedings, it would need to prove by clear and convincing evidence that drugs had been loaded onto the ship and had been taken off of the ship. The government would not have to prove the conduct of the defendant, rather it would have to show the role of the property in the alleged offense.

In adopting this test, we are attempting to reconcile conflicting interests. On the one hand, we are faced with the interests of defendants, who, for example, as in this case are trying to continue the operation of ongoing businesses. On the other hand, we have the interest of the government in assuring that the forfeiture provisions of the RICO statute maintain some vitality. The importance of both these interests cannot be minimized. The court, therefore, has adopted this test in deference to the concerns of all the parties in this criminal proceeding. Accordingly, we find that the stipulated restraining orders meet this standard and, therefore, will be entered.

IT IS SO ORDERED.